**Travis WILLIAMS, Petitioner,**

v.

**T.D.C.J.-I.D., Respondent.**

No. 03–0552.

Supreme Court of Texas.

June 25, 2004.

Travis Williams, Amarillo, pro se.

Greg Abbott, Barry Ross McBee, Rafael Edward Cruz, Edward D. Burbach, David A. Talbot Jr., M. Lawrence Wells, Office of Attorney General, Jeffrey S. Boyd, Thompson & Knight, Austin, Idolina Garcia, Hermes Sargent Bates, LLP, Dallas, for respondent.

PER CURIAM.

The court of appeals dismissed Travis Williams's appeal for failure to timely file a docketing statement. Al-

**33.** Tex.R.App. P. 59.1.

though the clerk of the court timely received the docketing statement, it was not filed until after the court's plenary jurisdiction expired due to an error by the clerk's office. We reverse the court of appeals' judgment and reinstate the appeal.

Williams, who is incarcerated and acting *pro se*, alleges his word processor was lost or stolen while in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ). The TDCJ filed a plea to the jurisdiction and motion to dismiss, which the trial court granted. Williams appealed.

After Williams missed the original and extended deadlines to file his docketing statement, the court of appeals ordered him to file the docketing statement by April 21, 2003 or his appeal would be dismissed. Williams gave his docketing statement to prison officials to mail on April 11, 2003. The docketing statement, however, was not filed in the clerk's office before the deadline. As a result, the court of appeals dismissed Williams's appeal.

Shortly after Williams sought review by this Court, the court of appeals' clerk's office filed three affidavits, attesting that (1) Williams's docketing statement had been received by the clerk's office, (2) the envelope bearing the docketing statement was postmarked April 11, 2003, and (3) the statement was discovered along with other mail postmarked April 11, 2003 that had been misplaced.

The general rule pertaining to appellate filings by mail is Tex.R.App. P. 9.2(b)(1), which provides that a document is considered timely filed if: (1) it is sent to the proper clerk by United States Postal Service first-class, express, registered, or certified mail; (2) it was placed in a properly addressed and stamped envelope; (3) *it was deposited in the mail on or before the last day of filing*; and (4) it is received within ten days of the filing deadline.[1] The rule further provides that a legible postmark affixed by the United States Postal Service is conclusive proof of the date of mailing.[2]

The affidavits provided by the clerk's office conclusively establish that the first three elements set forth in Tex.R.App. P. 9.2(b)(1) have been satisfied.[3] According to the affidavits, the envelope containing Williams's docketing statement was properly addressed and sent to the proper clerk by United States first-class mail. It was postmarked April 11, 2003 B ten days before the filing deadline B and was discovered with other mail bearing the same postmark.

■ Not surprisingly, however, the affidavits do not indicate whether the clerk received the docketing statement within ten days of the April 21, 2003 filing deadline as required under Rule 9.2(b)(1) for filings by mail. Nevertheless, absent argument and evidence to the contrary, we can presume that the docketing statement was timely received because it was mailed ten days before the filing deadline and was found with other misplaced mail with the same postmark. This Court has repeatedly held that a litigant should not be prejudiced by the clerk's errors.[4] Because the

1. Tex.R.App. P. 9.2(b)(1).

2. *Id.* 9.2(b)(2)(A).

3. Uncontroverted affidavits attesting to facts occurring on appeal may be considered in determining whether a party has timely perfected an appeal. *See Davies v. Massey*, 561 S.W.2d 799, 801 (Tex.1978) (considering affidavits from court of appeals' clerk in determining whether an appellant timely filed a cost bond).

4. *See, e.g., Coastal Banc SSB v. Helle,* 988 S.W.2d 214, 215–16 (Tex.1999) (uncontroverted affidavits established that appellant's cer-

record establishes that the failure of proof was caused solely by the clerk's error, we will not strictly apply Rule 9.2(b)(1)'s requirements at the expense of Williams's right to appeal. Because Williams did everything necessary to comply with the rules, and the failure to timely file the docketing statement was due solely to an error by the clerk's office, we grant Williams's petition for review and, without hearing oral argument,[5] reverse the court of appeals' judgment and reinstate the appeal.

tificate of cash deposit was timely delivered to the court of appeals' clerk, and was thus timely filed, even though the clerk's office did not file-stamp the certificate until after the filing deadline had passed); *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 372 (Tex.1990) (motion for new trial deemed timely filed even though the motion was not file-stamped until after the filing deadline because of a delay by a courthouse employee); *Biffle v. Morton Rubber Indus., Inc.*, 785 S.W.2d 143, 144 (Tex.1990) (cost bond considered timely filed when delivered to the clerk before the deadline even though the clerk failed to stamp it until after the deadline); *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 680–81 (Tex.1979) (a petition filed one day late solely because an employee in the clerk's office directed the postman not to make a scheduled mail delivery deemed timely filed).

5. Tex.R.App. P. 59. 1.