*261
 

 OPINION
 

 PRICE, J.,
 

 delivered the opinion for a unanimous Court.
 

 We granted review in this case to determine whether the Eighth Court of Appeals erred in dismissing the appellant’s appeal for want of jurisdiction due to the lack of a timely filed notice of appeal. The appellant alleges that a clerical error prevented the timely filing of his notice of appeal. We hold that a defendant should not be penalized for an error that occurs within the clerk’s office. Accordingly, we reverse and remand.
 

 THE FACTS AND PROCEDURAL POSTURE
 

 The appellant was charged with possession of child pornography. He filed a pretrial motion to suppress, and the trial court conducted a hearing on the motion. After the trial court denied the motion, the appellant pled guilty, on December 9, 2005, and received a sentence of three years in prison. At the guilty plea proceeding, the following exchange occurred between the appellant’s lead trial attorney and the judge:
 

 [Attorney]: [W]e’re going to be filing a notice of appeal on the pretrial matters that we raised and also a motion to keep this defendant out on bond pending the outcome of that appeal.
 

 [Court]: Are you filing it today?
 

 [Attorney]: We will be filing it today as soon as this hearing is over, Your Hon- or. In fact, we can file it right now since the judgment and sentence have been entered.
 

 [Court]: Okay. And you’re making a motion to allow him to remain out of prison on an appeal bond?
 

 Notwithstanding this dialogue, the notice of appeal was never made a part of the record, and this error was not discovered until approximately two months later.
 
 [1]
 

 In early February 2006, the appellant received new counsel to pursue his appeal. The new appellate counsel discovered the lack of a notice of appeal in the clerk’s file. After his discovery, the appellate attorney filed a first supplement to the notice of appeal and contacted the appellant’s trial lawyers.
 
 [2]
 
 On February 28, 2006, the appellate attorney filed two affidavits from trial counsel with the trial court.
 
 [3]
 
 These affidavits attested that a notice of appeal was filed on December 9, 2005.
 
 [4]
 
 The trial court held a hearing on March 6, 2006 to determine whether the appellant’s notice of appeal had been timely filed.
 
 [5]
 
 At the hearing, the affidavits were introduced into
 
 *262
 
 evidence, and the State neither contested the documents nor the assertions made by appellate counsel.
 
 [6]
 
 The trial court ultimately found that the appellant’s notice of appeal had been timely filed and certified the appellant’s right to appeal the ruling on the pretrial motion to suppress.
 
 [7]
 
 Despite the trial court’s finding, the court of appeals held that the appellant’s notice of appeal was not timely filed and dismissed the appeal for want of jurisdiction.
 
 [8]
 
 We granted the appellant’s petition for discretionary review to determine whether the court of appeals erred in dismissing the appeal when it is undisputed that it was a clerical error that prevented the notice of appeal from being timely filed.
 

 ANALYSIS
 

 In Texas, a criminal defendant has the right to appeal his conviction.
 
 [9]
 
 It is well established that a “notice of appeal is necessary for [an] appellate court to have jurisdiction. In the absence of [a] notice of appeal, the appellate tribunal has no authority to do anything except dismiss the appeal.”
 
 [10]
 
 The written notice of appeal must be filed with the clerk’s office within thirty days of sentencing or ninety days after sentencing if a motion for new trial is timely filed.
 
 [11]
 

 In this case, the appellant contends that he timely filed a notice of appeal, but that the notice of appeal is missing from the clerk’s file due to a clerical error. He alleges that “through no fault of his own, [he] is now being denied his right to appeal.” The State does not contest these allegations. We hold that a litigant who properly pursues his right to appeal should not be prejudiced by a clerk’s error that
 
 *263
 
 prevents the timely filing of a notice of appeal. If a document would have been timely filed but for an error by an employee of the court, then the document is considered to be timely filed.
 

 We are guided in our decision by our brethren on the civil side. The Texas Supreme Court has determined that a court document is filed “when it is placed in the custody or control of the clerk.”
 
 [12]
 
 Once a document is in the clerk’s custody, an innocent party is not responsible for any administrative or clerical error.
 
 [13]
 
 Therefore, once a party tenders a document to the clerk of the court, any later mishap shall not prejudice that party. This reasoning protects “a diligent party from being penalized by the errors and omissions of the court clerk.”
 
 [14]
 
 We can think of no reason why a criminal defendant should lose his right to appeal his loss of freedom because of a clerical error, while a civil litigant, with only monetary damages at stake, should not. Accordingly, we adopt the Texas Supreme Court’s holding.
 

 In this case, the trial court made an express finding that the appellant timely tendered his notice of appeal to the district clerk. The court of appeals had no reason to reject this finding; the record supports it, and the State does not dispute it. The absence of this notice indicates that a clerical error occurred at some point in time between the moment the notice was tendered to the clerk custody and the moment the omission was discovered. We hold that, under these circumstances, the appellant has maintained his right to an appeal by satisfying the requirements of Rule 25.2 of the Rules of Appellate Procedure, and jurisdiction vested in the appellate court when the notice of appeal was tendered to the clerk. The court of appeals did not lose jurisdiction when the notice of appeal was subsequently misplaced through no fault of the appellant’s.
 

 We hasten to add that it would be unfair to place too great a blame on the court of appeals for having dismissed this appeal. Because the notice of appeal that the appellant tendered to the clerk on December 9th was lost, the district clerk apparently never knew to forward a copy of it to the court of appeals.
 
 [15]
 
 Nor did the district clerk know to compile a clerk’s record for appeal, which would explain why there is no clerk’s record in the appellate record.
 
 [16]
 
 Even after the hearing on March 6th, the
 
 *264
 
 court of appeals lacked a tangible, "written notice of appeal that would serve to alert it that an appeal was forthcoming and that jurisdiction vested for that appeal.
 
 [17]
 
 Though we believe that the court of appeals’ action in dismissing the appeal was understandable, since it did not have the requisite documentation, we nevertheless hold it was erroneous in view of the undisputed fact that the appellant timely proffered a notice of appeal that was lost due only to a clerical error in the clerk’s office.
 

 Accordingly, we remand the cause to the court of appeals with instructions to remand it back to the trial court so that the appellant may file a written notice of appeal with the trial court clerk. The formal filing of a notice of appeal will alert the trial court clerk to forward a copy to the court of appeals and to prepare an official clerk’s record for the appeal. Obviously, filing a notice of appeal now is well beyond the ordinary appellate deadlines in this case. But the situation at hand is somewhat analogous to the granting of an out-of-time appeal by way of an application for writ of habeas corpus. When an out-of-time appeal is granted, the defendant is returned to the “point in the appellate process at which he can properly give notice of appeal and then perfect an appeal pursuant to the rules of appellate procedure.”
 
 [18]
 
 We believe that resetting the appellate timetable on the unusual circumstances of this case continues the basic underlying theme of this opinion: the appellant shall not be prejudiced by a clerical error for which he bears no responsibility.
 

 CONCLUSION
 

 A timely tendered notice of appeal vests an intermediate appellate court with jurisdiction to consider the merits of an appeal. The appellant timely presented his notice of appeal into the clerk’s custody for filing and thereby preserved his right to appeal. The subsequent clerical error did not divest the appellate court of jurisdiction or prejudice the appellant’s right to appeal. Therefore, the court of appeals erred in dismissing the appellant’s appeal for want of jurisdiction. Accordingly, we reverse the court of appeals’ judgment and remand the cause to that court with instructions to remand it to the trial court for the filing of a written notice of appeal and preparation of a complete appellate record in accordance with the rules of appellate procedure. The appellate timetable shall begin to run against the appellant on the date the court of appeals remands this cause to the trial court.
 

 [1]
 

 . We note that the appellate record as it comes to us lacks an official clerk’s record. However, the fact that the notice of appeal is missing from the district clerk's file is uncon-troverted, and we do not need the clerk’s record to determine that the notice of appeal is missing when the parties are in agreement as to that fact.
 

 [2]
 

 . The first supplement included a copy of the original notice of appeal, a copy of the order denying the appellant’s suppression motion, and a copy of the trial court’s certification of the appellant's right to appeal. The certificate of service on the copy of the notice of appeal is dated December 9, 2005. But there is no file stamp from the district clerk on it, nor any other indication that it was timely tendered, received, and included in the district clerk’s record. Moreover, the copy of the certification of the appellant’s right to appeal was unsigned.
 

 [3]
 

 . Two attorneys represented the appellant during trial, each of whom submitted an affidavit.
 

 [4]
 

 . The affidavit of the appellant’s lead counsel stated, "Immediately after the entry of the plea and sentencing of [the appellant], I handed a Notice of Intent to Appeal and Request for Bond Pending Appeal to the Court Clerk for filing in the Court Records.”
 

 The appellant’s co-counsel stated in his affidavit, "Immediately after the entry of the plea and sentencing of [the appellant], I witnessed [lead counsel] hand the Notice of Intent to Appeal and a Request for Bond Pending Appeal to the Court Clerk for filing in the Court Records.”
 

 [5]
 

 . At the March 6th hearing, appellant’s counsel remarked for the record that, upon receipt of the appellant’s first supplement to the notice of appeal, the court of appeals had alerted the parties of its “intent to dismiss the appeal for want of jurisdiction” unless either
 
 *262
 
 party could show grounds for proceeding with the appeal. Accordingly, appellant's appellate counsel requested a hearing, which the trial court conducted on March 6th, to determine whether the notice of appeal was timely filed. The record before us does include the reporter’s record of the March 6th hearing, which supports these facts.
 

 [6]
 

 . The prosecutor announced, on the record, that "[t]he State certainly does not challenge the credibility of those affidavits. If the Judge wants to make a finding that the attorney did file a notice of appeal in open Court with the clerk at the time of the guilty plea, the State is not opposed to that.” Before this Court, the State does not contest the trial court’s findings, conceding in its brief that if we believe the trial court’s fact finding, then the court of appeals' opinion should be reversed because a clerical error prevented the timely filing of a notice of appeal.
 

 [7]
 

 . Appellate counsel filed a second supplement to the notice of appeal in the court of appeals on the same day as the hearing. This supplement, dated March 6, 2006, included the certification of the appellant’s right to appeal that the trial court signed at the hearing on March 6th.
 

 [8]
 

 .
 
 Stansberry v. State,
 
 No. 08-06-00042-CR, 2006 Tex.App. LEXIS 2991, at *2, 2006 WL 958578, at *1 (Tex.App.-El Paso 2006) (not designated for publication). The court of appeals declared the appellant's notice of appeal was not timely filed because it was not filed until March 6, 2006.
 
 Id.
 
 2006 Tex.App. LEXIS 2991, at *1, 2006 WL 958578, at *1.
 

 [9]
 

 . TexCode Crim. Proc. Ann. art. 44.02 (Vernon 2006). Though a defendant has the right to an appeal, a defendant who accepts a negotiated plea bargain, i.e. pleads guilty or nolo contendere, is limited to what may be appealed. Tex.R.App. P 25.2(a)(2). For example, a defendant may appeal from a written pretrial motion that was ruled on.
 
 Id.
 
 The appellant in this case sought to appeal from the written pretrial motion to suppress that was denied by the trial court. There is no question that the appellant had a right to appeal this pretrial ruling.
 

 [10]
 

 . George E. Dk & Robert O. Dawson, 43A Texas Practice: Criminal Practice and Procedure 43.252, at 574 (2d.2001);
 
 see also
 
 Tex. R.App. P. 25.2;
 
 Chavez v. State,
 
 183 S.W.3d 675, 679 (Tex.Crim.App.2006).
 

 [11]
 

 . Tex.R.App. P. 26.2(a).
 

 [12]
 

 .
 
 Standard. Fire Ins. Co. v. La Coke,
 
 585 S.W.2d 678, 681 (Tex.1979). This notion has been long recognized in civil jurisprudence.
 
 See Holman v. Chevaillier's Adm’r,
 
 14 Tex. 337, 339 (1855) (“[Wjhere the law requires or authorizes a party to file [a document], it simply means that he shall place it in the official custody of the clerk. That is all that is required of him....”);
 
 Beal's Adm’r v. Alexander,
 
 6 Tex. 531, 541 (1851) (‘‘[A] paper is to be deemed to have been filed, only when it shall have been delivered into the custody of the Clerk_”).
 

 [13]
 

 .
 
 See Williams v. T.D.C.J.-I.D.,
 
 142 S.W.3d 308, 309 (Tex.2004) ("This Court has repeatedly held that a litigant should not be prejudiced by [a] clerk’s errors.”);
 
 see also Coastal Banc SSB v. Helle,
 
 988 S.W.2d 214, 215-16 (Tex.1999) (declaring that a certificate of cash deposit was timely filed in spite of the clerk’s office’s failure to timely file stamp the certificate);
 
 Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.,
 
 787 S.W.2d 371, 372 (Tex.1990) (holding that a motion for new trial was timely filed because "it would have been timely received by the clerk but for a delay caused by a courthouse employee.”).
 

 [14]
 

 .
 
 La Coke,
 
 585 S.W.2d at 680.
 

 [15]
 

 .
 
 See
 
 Tex.R.App. P. 25.2(e) (trial court clerk responsible for sending copy of notice of appeals to appropriate court of appeals).
 

 [16]
 

 .
 
 See
 
 Tex.R.App. P. 35.3(a) (once a notice of appeal is filed and the clerk’s fee is paid, ”[t]he trial court clerk is responsible for preparing, certifying, and timely filing the clerk’s record” with the court of appeals).
 

 [17]
 

 . The only notice of appeal that appears in the record that was before the court of appeals was the unfile-stamped copy that was attached as an exhibit to the appellant’s first supplement.
 
 See
 
 note 2,
 
 ante.
 

 [18]
 

 .
 
 See Franks v. State,
 
 219 S.W.3d 494, 496 (Tex.App.-Austin, 2007, pet. filed) (citing
 
 Ex parte Garcia,
 
 988 S.W.2d 240, 241 (Tex.Crim. App.1999)).