**Bruce Wayne HOUSER, Petitioner,**

v.

**Kenneth W. McELVEEN,
et al., Respondents.**

No. 06–0504.

Supreme Court of Texas.

Jan. 11, 2008.

Bruce Wayne Houser, Beaumont, TX, pro se.

Kenneth W. McElveen, Edna, TX, pro se.

Barbara Vanecek, Edna, TX, pro se.

PER CURIAM.

Petitioner Bruce Wayne Houser, a pro se inmate, sued for mandamus compelling respondent Kenneth McElveen, the county clerk of Jackson County, to probate Houser's father's will. The trial court dismissed the petition, and Houser asserts, without challenge, that he deposited his notice of appeal in the prison mail 35 days later. The court of appeals received it on the 46th day after the judgment was signed and dismissed the appeal as not having been timely perfected. 2006 WL 328134 (Tex.App.-Corpus Christi 2006) (per curiam).

The notice of appeal was required to be filed within 30 days of the judgment, TEX. R.APP. P. 26.1, but the court of appeals should have extended that time if, within the next 15 days, Houser filed his notice of appeal and a motion for extension with a reasonable explanation, TEX.R.APP. P. 10.5(b), 25.1(a), 26.3. The notice of appeal was deemed filed on the day he mailed it, since it was received one day after the 15–day deadline, TEX.R.APP. P. 9.2(b), *Ramos v. Richardson,* 228 S.W.3d 671, 673 (Tex. 2007) (per curiam), and a motion for exten-

sion was thereby implied, *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997). The question, then, is whether there is "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977).

 In his notice of appeal, and in his petition here without challenge, Houser states that he mailed a motion for new trial nine days after the judgment, and a copy of a transmittal letter bearing that date is attached. There is no motion for new trial in the trial court's record, but Houser could reasonably have believed that the clerk would receive it within three weeks of when he says he mailed it. An inmate who does everything in his power to satisfy timeliness requirements may not be penalized for the error or tardiness of prison officials. *See Williams v. T.D.C.J.-I.D.,* 142 S.W.3d 308, 309–310 (Tex.2004) (per curiam). If a motion for new trial had been received within 30 days of the judgment, Houser's notice of appeal would have been timely filed. Tex.R.App. P. 26.1(a)(1). This plausible statement of circumstances indicates that Houser's failure to timely file his notice of appeal was not intentional but inadvertent. *See Hone v. Hanafin,* 104 S.W.3d 884, 886 (Tex.2003) (per curiam).

Houser was entitled to an extension of time in which to file his notice of appeal, and thus the court of appeals should not have dismissed the appeal. Accordingly, we grant the petition for review, and without hearing oral argument, we reverse the court of appeals' judgment and remand the case for further proceedings. Tex.R.App. P. 59.1.