**Jeffrey Scott LOCKHART, Appellant,**

v.

**Dale Patrick McCURLEY d/b/a Midlothian Insurance Agency, Appellee.**

**No. 10–09–00240–CV.**

Court of Appeals of Texas, Waco.

Oct. 21, 2009.

John C. Wray, Wray & Willett PLLC, Waxahachie, for appellant.

Bruce K. Packard, Riney Palter PLLC, Dallas, for appellee.

## DISSENT TO ORDER

TOM GRAY, Chief Justice.

I agree with the Court's order down to the point of its determination that Lockhart's explanation for the late filing of the notice of appeal provides the proper justification to grant an implied motion for extension of time.[1] I would grant McCurley's motion to dismiss.

We all agree that Lockhart's notice of appeal was late. We all agree that Lockhart's motion for extension of time to file the notice of appeal was late and must be denied. We all agree that under Texas Supreme Court precedent there is, nevertheless, a motion for extension of time implied by the filing of the notice of appeal within the 15–day window for late filing under Rule 26.3. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997); Tex. R. App. P. 26.3.

### Reasonable Explanation

That motion, which we are required to imply, must, nevertheless, "comply" with the requirements of Rule 10.5(b)(2)(A) which requires the motion comply with Rule 10.5(b)(1)(C) which requires that the motion "must state" "the facts relied on to reasonably explain the need for an extension." *See* Tex. R. App. P. 10.5; 26.3. Setting aside the impossible metaphysical aspects of compliance for an imaginary motion to "state" anything, we have interpreted this to mean that the appellant must provide the court, in some written form, a "reasonable explanation" for the late filing of the notice of appeal. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *In re B.G.*, 104 S.W.3d 565, 567 (Tex.App.-Waco 2002, order). Recently, the Texas Supreme Court has reiterated what a "reasonable explanation" means.

In *Houser v. McElveen,* the Texas Supreme Court explained it thusly:

> The question, then, is whether there is "any plausible statement of circumstance indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance." *Meshwert v. Meshwert,* 549 S.W.2d 383, 384 (Tex.1977).

*Houser v. McElveen,* 243 S.W.3d 646, 647 (Tex.2008), (modifications as in *Houser* ). When I apply this standard as the test specified by the Texas Supreme Court, Lockhart's explanation fails.

The temporary injunction order Lockhart is attempting to appeal was signed on June 23, 2009. Lockhart's explanation for the late filing of the notice of appeal is as follows:

> The Plaintiff [Lockhart] was in the process of assessing his rights under the

---

1. The Court's order is attached as Appendix A.

order, and seeking clarification of the Court's rulings, when a visiting judge inadvertently signed a proposed discovery order which radically compressed the discovery of this case and set it for trial within 60 days. This order was transmitted to counsel on or about July 21, 2009, the night before the undersigned counsel was scheduled to leave on vacation out of the country. This second order (which has been subsequently withdrawn by the Trial Court), forced the Appellant to immediately pursue his rights of appeal with this Court. Further, Appellant has sought additional clarification from the Court and determined that such an appeal to this Court is required.

Motion for Leave to Extend Time to File Appeal at pg. 1–2. Aside from the conclusory nature of the explanation, it is utterly contrary to reasonably explaining the need for an extension. The explanation states why the notice of appeal had not been filed and, in the process, fails the test.

In examining the explanation, I note that:

1. Lockhart was aware of the order;

2. Lockhart was assessing his rights;

3. Lockhart was seeking clarification of the order;

4. An unrelated event that occurred on July 21, 2009, *after* the notice of appeal was due, "radically" compressed the discovery timeline and set the case for trial;

5. The order of July 21, 2009 has been withdrawn; and

6. Lockhart has sought further clarification and has determined that the appeal is required.

What these can be summarized to mean is that Lockhart had evaluated the impact of the temporary injunction and until discovery and the trial were scheduled on short notice, there was no need to pursue the appeal. Lockhart simply chose not to appeal until an unrelated event occurred after the period in which to file the notice of appeal expired. Of course, we have no idea what "clarification" was sought or needed and whether it was of the temporary injunction or the trial schedule. Likewise, we are not provided with what clarification was provided or obtained.

So now we turn back to the test. Was the explanation a plausible statement indicating the failure to file within the period was not deliberate or intentional but was the result of inadvertence, mistake, or mischance? The answer has to be NO. The decision was to not file an appeal after becoming aware of the order and assessing his rights until suddenly, and after the deadline, the discovery was radically compressed and trial was set only 60 days away. It is relatively easy to understand that until Lockhart was hit with an abbreviated schedule, *after* the time for filing the notice of appeal expired, he was okay with not appealing the temporary injunction. Whatever clarification he sought and received should have been pursued simultaneously with the appeal. This scheduling order, unrelated to the merits of the temporary injunction and which occurred after the deadline had expired, was the reason for making the decision to appeal. It does not in the least suggest that the late filing "was the result of inadvertence, mistake, or mischance."

### Conclusion

The explanation given fails the test. It therefore, does not "reasonably explain the need for an extension." The implied motion for an extension of time to file the notice of appeal should be denied and the motion to dismiss for want of jurisdiction should be granted. Because the majority

reaches the opposite rulings, I respectfully dissent.

## APPENDIX A

The trial court signed an order granting a temporary injunction on June 23, 2009. Because this is an accelerated interlocutory appeal, the notice of appeal was due on July 13, 2009. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008); Tex. R. App. P. 26.1(b), 28.1(a). However, appellant did not file a notice of appeal until July 22. Therefore, the notice of appeal is untimely. Nevertheless, because appellant filed the notice of appeal within 15 days after it was due, the Court must imply a motion for extension which must be granted if appellant provides a reasonable explanation for the late filing. *See Houser v. McElveen,* 243 S.W.3d 646–47(Tex.2008) (per curiam); *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997).

McCurley contends in a motion to dismiss that *Verburgt* was effectively overruled by the 1997 amendments to the Rules of Appellate Procedure. We disagree. *See Houser,* 243 S.W.3d at 646–47.

Appellant did file a motion for extension of time to file the notice of appeal on September 10. However, this motion is denied because it is untimely. *See* Tex.R.App. P. 26.3 (extension motion must be filed within 15 days after notice of appeal was due). Nevertheless, this extension motion provides a reasonable explanation for the late filing of the notice of appeal. Accordingly, the Court grants an implied motion for extension of time to file the notice of appeal. *See Houser,* 243 S.W.3d at 647; *In re B.G.,* 104 S.W.3d 565, 567 (Tex.App.-Waco 2002, order). McCurley's motion to dismiss is denied.