IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00240-CV

 

Jeffrey Scott Lockhart,

                                                                                    Appellant

 v.

 

Dale Patrick McCurley d/b/a 

Midlothian Insurance Agency,

                                                                                    Appellee

 

 



From the County Court at Law

Ellis County, Texas

Trial Court No. 09-C-3400

 



DISSENT TO ORDER










 

            I agree with the Court’s order down to
the point of its determination that Lockhart’s explanation for the late filing
of the notice of appeal provides the proper justification to grant an implied
motion for extension of time.[1]  I
would grant McCurley’s motion to dismiss.

            We all agree that Lockhart’s notice of
appeal was late.  We all agree that Lockhart’s motion for extension of time to
file the notice of appeal was late and must be denied.  We all agree that under
Texas Supreme Court precedent there is, nevertheless, a motion for extension of
time implied by the filing of the notice of appeal within the 15-day window for
late filing under Rule 26.3.  Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997); Tex. R. App. P. 26.3.  

Reasonable Explanation

            That motion, which we are required to
imply, must, nevertheless, “comply” with the requirements of Rule 10.5(b)(2)(A)
which requires the motion comply with Rule 10.5(b)(1)(C) which requires that
the motion “must state” the facts relied on to reasonably explain the need for
an extension.”  See Tex. R. App.
P. 10.5; 26.3.  Setting aside the impossible metaphysical aspects of
compliance for an imaginary motion to “state” anything, we have interpreted
this to mean that the appellant must provide the court, in some written form, a
“reasonable explanation” for the late filing of the notice of appeal.  Verburgt
v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997); In re B.G., 104 S.W.3d
565, 567 (Tex. App.—Waco 2002, order).  Recently, the Texas Supreme Court has
reiterated what a “reasonable explanation” means.

            In Houser v. McElveen, the
Texas Supreme Court explained it thusly:

The question, then, is whether there is “any
plausible statement of circumstance indicating that failure to file within the
[specified] period was not deliberate or intentional, but was the result of
inadvertence, mistake, or mischance.”  Meshwert v. Meshwert, 549 S.W.2d
383, 384 (Tex. 1977).

 

Houser v. McElveen, 243 S.W.3d 646, 647 (Tex. 2008), (modifications
as in Houser).  When I apply this standard as the test specified by the
Texas Supreme Court, Lockhart’s explanation fails.  

            The temporary injunction order
Lockhart is attempting to appeal was signed on June 23, 2009.  Lockhart’s explanation for the late filing of the notice of appeal is as follows:

            The Plaintiff [Lockhart] was in the
process of assessing his rights under the order, and seeking clarification of
the Court’s rulings, when a visiting judge inadvertently signed a proposed
discovery order which radically compressed the discovery of this case and set
it for trial within 60 days.  This order was transmitted to counsel on or about
 July 21, 2009, the night before the undersigned counsel was scheduled to leave
on vacation out of the country.  This second order (which has been subsequently
withdrawn by the Trial Court), forced the Appellant to immediately pursue his
rights of appeal with this Court.  Further, Appellant has sought additional
clarification from the Court and determined that such an appeal to this Court
is required.

 

Motion for Leave to Extend Time to File Appeal at
pg 1-2.  Aside from the conclusory nature of the explanation, it is utterly
contrary to reasonably explaining the need for an extension.  The explanation
states why the notice of appeal had not been filed and, in the process, fails
the test.

            In examining the explanation, I note
that:

            1.  Lockhart was aware of the order;

            2.  Lockhart was assessing his rights;

            3.  Lockhart was seeking clarification
of the order;

            4.  An unrelated event that occurred
on July 21, 2009, after the notice of        appeal was due, “radically”
compressed the discovery timeline and set           the case for trial;

 

            5.  The order of July 21, 2009 has been withdrawn; and

            6.  Lockhart has sought further
clarification and has determined that the     appeal is required.

 

What these can be summarized to mean is that
Lockhart had evaluated the impact of the temporary injunction and until
discovery and the trial were scheduled on short notice, there was no need to
pursue the appeal.   Lockhart simply chose not to appeal until an unrelated
event occurred after the period in which to file the notice of appeal expired. 
Of course, we have no idea what “clarification” was sought or needed and
whether it was of the temporary injunction or the trial schedule.  Likewise, we
are not provided with what clarification was provided or obtained.  

            So now we turn back to the test.  Was
the explanation a plausible statement indicating the failure to file within the
period was not deliberate or intentional but was the result of inadvertence,
mistake, or mischance?  The answer has to be NO.  The decision was to not file
an appeal after becoming aware of the order and assessing his rights until
suddenly, and after the deadline, the discovery was radically compressed and
trial was set only 60 days away.  It is relatively easy to understand that
until Lockhart was hit with an abbreviated schedule, after the time for
filing the notice of appeal expired, he was okay with not appealing the
temporary injunction.  Whatever clarification he sought and received should
have been pursued simultaneously with the appeal.  This scheduling order,
unrelated to the merits of the temporary injunction and which occurred after
the deadline had expired, was the reason for making the decision to appeal.  It
does not in the least suggest that the late filing “was the result of
inadvertence, mistake, or mischance.”




Conclusion

            The explanation given fails the test. 
It therefore, does not “reasonably explain the need for an extension.”  The
implied motion for an extension of time to file the notice of appeal should be
denied and the motion to dismiss for want of jurisdiction should be granted. 
Because the majority reaches the opposite rulings, I respectfully dissent.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Dissent
to order issued and filed October 21, 2009

Publish




APPENDIX A

 

 

 

The
trial court signed an order granting a temporary injunction on June 23, 2009.  Because this is an accelerated interlocutory appeal, the notice of appeal
was due on July 13, 2009.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008); Tex. R. App. P. 26.1(b), 28.1(a). 
However, appellant did not file a notice of appeal until July 22.  Therefore,
the notice of appeal is untimely.  Nevertheless, because appellant filed the
notice of appeal within 15 days after it was due, the Court must imply a motion
for extension which must be granted if appellant provides a reasonable
explanation for the late filing.  See Houser v. McElveen, 243
S.W.3d 646-47(Tex. 2008) (per curiam); Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997).

 

McCurley
contends in a motion to dismiss that Verburgt was effectively overruled
by the 1997 amendments to the Rules of Appellate Procedure.  We disagree.  See
Houser, 243 S.W.3d at 646-47.

 

Appellant
did file a motion for extension of time to file the notice of appeal on
September 10.  However, this motion is denied because it is untimely.  See
Tex. R. App. P. 26.3 (extension
motion must be filed within 15 days after notice of appeal was due). 
Nevertheless, this extension motion provides a reasonable explanation for the
late filing of the notice of appeal.  Accordingly, the Court grants an implied
motion for extension of time to file the notice of appeal.  See Houser,
243 S.W.3d at 647; In re B.G., 104 S.W.3d 565, 567 (Tex. App.—Waco 2002,
order).  McCurley’s motion to dismiss is denied.

 









[1] The
Court’s order is attached as Appendix A.