

NUMBER 13-13-00105-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

AMF MECHANICAL CORPORATION,                          APPELLANT,

v.

NORMA L. BERMUDEZ,                                   APPELLEE.

On appeal from the 404th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Perkes
### Memorandum Opinion Per Curiam

Appellant, AMF Mechanical Corporation, attempted to perfect an appeal from an order signed January 10, 2013, denying its motion for summary judgment. Upon review of the documents before the Court, it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.

On February 14, 2013, appellant filed an opposed motion to extend time to file notice of appeal. Appellee has responded that the Court lacks jurisdiction over the appeal because it is not an interlocutory appeal that is specifically authorized by Section 51.014 of the Texas Civil Practice and Remedies Code. Appellant has replied that the order is appealable pursuant to Section 51.014(d)(1),(2) in that the order involves a controlling question of law in which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Appellee has filed a motion to dismiss.

Appeals from interlocutory orders, when allowed by statute, are accelerated appeals. TEX. R. APP. P. 28.1. In order to perfect an accelerated appeal of an interlocutory order, the party is required to file a notice of appeal "within 20 days after the judgment or order is signed." *Id.* at R. 26.1(b). Appellant filed a motion for extension of time under Texas Rule of Appellate Procedure 26.3. *See id*. at R. 26.3; *see also Houser v. McElveen*, 243 S.W.3d 646, 646-47 (Tex. 2008) (stating that a notice of appeal should be considered timely if filed within fifteen days after the filing deadline and accompanied by a motion for extension of time with a reasonable explanation for the delay). The order was signed on January 10, 2013, and twenty days thereafter is January 30, 2013. Appellant's notice of appeal was filed on February 12, 2013, within fifteen days of January 30, 2013.

In terms of appellate jurisdiction, appellate courts only have jurisdiction to review final judgments and certain interlocutory orders identified by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 and § 51.014 (West Supp. 2011). Under the 2011 amendment to Section

2

51.014(d) of the Civil Practice and Remedies Code, a trial court may, by written order, permit an appeal from an order that is not otherwise appealable. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d). Section 51.014(f) provides that an appellate court may accept an appeal permitted by Subsection (d) if the appealing party, not later than the 15th day after the date the trial court signs the order to be appealed, files in the court of appeals having appellate jurisdiction over the action an application for interlocutory appeal explaining why an appeal is warranted under Subsection (d).

Review of the clerk's record indicates that appellant has not obtained the trial court's permission to appeal. *See* Tex. R. Civ. P. 168 ("On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission must be stated in the order to be appealed."); Tex. R. App. P. 28.3(a)("When a trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, a party seeking to appeal must petition the court of appeals for permission to appeal."). Accordingly, the interlocutory order appellant seeks to appeal is not appealable.

The Court, having considered the clerk's record, motions and responses, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. *See* Tex. R. App. P. 42.3(a). Appellee's motion to dismiss is GRANTED. Appellant's motion to extend time to file notice of appeal is likewise DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Delivered and filed the
25th day of April, 2013.