

# NUMBER 13-13-00181-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

BELINDA VALLEJO,                                                          APPELLANT

v.

CAMERON COUNTY,                                                          APPELLEE.

## On appeal from the 103th District Court
## of Cameron County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Per Curiam Memorandum Opinion

Appellant, Belinda Vallejo appeals an order granting Cameron County's plea to the jurisdiction. We dismiss the appeal for lack of jurisdiction.

By written order signed on February 22, 2013, the trial court sustained the County's plea and dismissed the cause. On March 22, 2013, appellant filed her notice of appeal.

On April 8, 2013, the Clerk of this Court notified appellant that it appeared the appeal was not timely perfected. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellant.

Section 51.014(a)(8) of the civil practice and remedies code permits an interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon 2008). Appeals from interlocutory orders, when allowed by statute, are accelerated appeals. TEX. R. APP. P. 28.1. In order to perfect an accelerated appeal of an interlocutory order, the party is required to file a notice of appeal "within 20 days after the judgment or order is signed." *Id.* at R. 26.1(b). The filing of a motion for new trial, request for findings of fact and conclusions of law, or any other post-judgment motion, except for a motion for extension of time filed under Texas Rule of Appellate Procedure 26.3, "will not extend the time to perfect an accelerated appeal." *Id.* at R. 26.3, 28.1(b).

The trial court's order was signed on February 22, 2013. Under the civil practice and remedies code, the order was subject to an accelerated interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Accordingly, appellant was required to file her notice of accelerated appeal within twenty days of the trial court's February 22, 2013 order. The record does not reflect that appellant filed a motion for extension of time under Texas Rule of Appellate Procedure 26.3. *See id.* at R. 26.3; *see also Houser v. McElveen*, 243 S.W.3d 646, 646-47 (Tex. 2008) (stating that a notice of appeal should be considered timely if filed within fifteen days after the filing deadline

2

and accompanied by a motion for extension of time with a reasonable explanation for the delay).

We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.,* 89 S.W.3d 641, 642 (Tex. App.–Amarillo 2002, no pet.).

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect her appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
30th day of May, 2013.