

# Fourth Court of Appeals
## San Antonio, Texas

August 15, 2018

No. 04-18-00324-CV

Madhavan A. **PISHARODI**, M.D., P.A.,
Appellant

v.

**UNITED BIOLOGICS, L.L.C,**
Appellee

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2014CI06067
Honorable Rosie Alvarado, Judge Presiding

# O R D E R

On July 31, 2018, appellee United Biologics, LLC filed a motion to dismiss the appeal for want of jurisdiction. In its motion, appellee contends the notice of appeal is untimely because it was filed two days late. We disagree.

Appellant Madhavan A. Pisharodi, M.D., P.A. is appealing a judgment signed February 13, 2018. On March 14, 2018, appellant filed a timely motion for new trial, extending the appellate timetable. *See* TEX. R. CIV. P. 329b(g); TEX. R. APP. P. 26.1(a). Thus, the notice of appeal was due May 14, 2018, or a motion for extension of time to file the notice of appeal was due fifteen days later on May 29, 2018. *See* TEX. R. APP. P. 26.1, 26.3. Appellant did not file a timely notice of appeal or a motion for extension of time to file the notice of appeal. However, on May 16, 2018, appellant filed a notice of appeal — two days after the deadline to file a notice of appeal.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex. 1997). However, the appellant must offer a reasonable explanation for failing to file the notice of appeal timely. *See id.*; TEX. R. APP. P. 26.3, 10.5(b)(1)(C); *see also Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex. 1989). In response, to appellee's motion to dismiss, appellant filed a response offering a reasonable explanation for failing to file the notice of appeal timely. In his response, appellant stated he failed to timely file the notice of appeal because he calculated the due date incorrectly by

mistakenly basing his timeline from the date of the order denying his motion for new trial as opposed to the date of the final judgment. Appellant further admits he did not realize his error until after appellee filed its motion to dismiss in this court. And although appellee contends appellant is offering his explanation too late, we disagree as a reasonable explanation standard is liberal. Any plausible statement indicating counsel's actions were not deliberate or intentional, but rather were the result of a mistake is acceptable. *See Houser v. McElveen*, 243 S.W.3d 646 (Tex. 2008) (citing *Meshwert v. Meshwert*, 549 S.W2d 383, 384 (Tex. 1977)).

Based on the foregoing, we find appellee is incorrect in its assertion that we lack jurisdiction over the appeal. Although appellant's notice of appeal was filed two-days late, it was filed within the fifteen-day grace period provided by Rule 26.1(c), and appellant provided this court with a reasonable explanation for late filing as required by the supreme court's decision in *Verburgt*. Accordingly, we **DENY** appellee's motion to dismiss the appeal of want of jurisdiction.

The clerk of this court is **ordered** to send a copy of this order to all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 15th day of August, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court