

NUMBER 13-19-00344-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TRINITY SCRAP PROCESSORS, INC.
D/B/A PORT OF BROWNSVILLE RECYCLING
AND INTERCOASTAL SALVAGE, INC.,                     Appellants,

v.

BROWSVILLE NAVIGATION DISTRICT
OF CAMERON COUNTY, TEXAS,                            Appellee.

On appeal from the 138th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

Before Justices Benavides, Hinojosa, and Perkes
Memorandum Opinion by Justice Benavides

Appellants, Trinity Scrap Processors, Inc. d/b/a Port of Brownsville Recycling and

Intercoastal Salvage, Inc., attempted to perfect an appeal from a judgment entered by the

138th District Court of Cameron County, Texas, in cause number 2019-DCL-00037. We dismiss for want of jurisdiction.

Judgment in this cause was signed on March 25, 2019. A motion for new trial was timely filed. Appellants filed a notice of appeal on July 3, 2019. On July 15, 2019, the Clerk of this Court notified appellants that it appeared that the appeal was not timely perfected. Appellants were advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. To date, no response has been received from appellants. Appellee has filed a motion to dismiss the appeal.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to reinstate has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on June 24, 2019, but was not filed until July 3, 2019. The record does not reflect that appellant filed a motion for extension of time under Texas Rule of Appellate Procedure 26.3. *See id.* at R. 26.3; *see also Houser v. McElveen*, 243 S.W.3d 646, 646-47 (Tex. 2008) (stating that a notice of appeal should be considered timely if filed within fifteen days after the filing deadline and accompanied by a motion for extension of time with a reasonable explanation for the delay).

The Court, having examined and fully considered the documents on file and appellants' failure to timely perfect their appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, appellee's motion to dismiss is GRANTED and the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

GINA M. BENAVIDES,
Justice

Delivered and filed the
1st day of August, 2019.

3