**Order filed February 28, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00045-CV

_____

## HOUSING AUTHORITY OF THE CITY OF STANTON,
### Appellant

## V.

## MIRANDA ALEXIS BERMEA, Appellee

**On Appeal from the County Court**
**Martin County, Texas**
**Trial Court Cause No. 784**

### O R D E R

On December 11, 2019, the trial court signed the judgment from which Appellant, the Housing Authority of the City of Stanton, attempts to appeal. The notice of appeal was due on Friday, January 10, 2020. *See* TEX. R. APP. P. 26.1. The file stamp from the trial court clerk indicates that the notice of appeal was filed on January 14, 2020—four days late. On February 14, 2020, when the appeal was docketed in this court, we notified Appellant that the notice of appeal appeared to be untimely, and we requested a response from Appellant.

When a notice of appeal in a civil case is filed within the fifteen-day extension period permitted by the rules, we imply a motion for extension. *See Verburgt v.*

*Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that a motion for extension of time is necessarily implied when an appellant, in good faith, files an appeal during the fifteen-day window); *see also* TEX. R. APP. P. 26.3. Pursuant to *Verburgt*, Appellant must still provide this court with a reasonable explanation for its failure to timely file the notice of appeal. 959 S.W.2d at 617; *see* TEX. R. APP. P. 10.5(b).

Appellant filed a response to this court's letter regarding the untimeliness of its notice of appeal. In the response, Appellant asserted that it timely submitted the notice of appeal on January 10, 2020, at 3:43 p.m. by submission to the trial court clerk via e-mail. Appellant did not indicate that the notice of appeal was e-filed but, rather, that it was e-mailed. The Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure mandate that documents filed electronically be filed "through the electronic filing manager established by the Office of Court Administration and an electronic filing service provider certified by the Office of Court Administration." TEX. R. CIV. P. 21(f)(3); TEX. R. APP. P. 9.2(c)(2). Although the rules do not provide for electronic filing in the clerk's office via e-mail, we liberally construe Appellant's explanation as an indication that the failure to timely file the notice of appeal was the result of a mistake on the part of Appellant's counsel. *See Houser v. McElveen*, 243 S.W.3d 646, 646–47 (Tex. 2008); *Verburgt*, 959 S.W.2d at 616–17. Therefore, we conclude that this appeal may proceed pursuant to the implied motion for extension.

PER CURIAM

February 28, 2020

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.