

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-21-00188-CV

Armando **TREVINO**,
Appellant

v.

Karla Belen **GARCIA**, Individually and as Administratrix of The Estate of Maria Luisa Aguilar,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2020CVF002238-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Patricia O. Alvarez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: June 30, 2021

DISMISSED FOR WANT OF JURISDICTION

Appellant appeals from a final order dismissing a case pursuant to Texas Civil Practice and Remedies Code chapter 27. Pursuant to section 27.008(b), "[a]n appellate court shall expedite an appeal or other writ, whether interlocutory or not, from a trial court order on a motion to dismiss a legal action under Section 27.003 . . .." TEX. CIV. PRAC. & REM. CODE § 27.008(b). Accelerated appeals include "appeals required by statute to be accelerated or expedited." *See* TEX. R. APP. P. 28.1(a). In an accelerated appeal, such as this one, the notice of appeal is due within twenty days after the date the judgment or order is signed. *See id.* 26.1(b). Without a timely notice of appeal, this court lacks jurisdiction. *See id.* 25.1(b).

The trial court signed a final order granting appellee's chapter 27 motion to dismiss and awarding attorney's fees on April 9, 2021. Although appellant filed both a request for findings of fact and conclusions of law and a motion for new trial, in an accelerated appeal, neither of these filings extends the time to file a notice of appeal. *See id.* 28.1(b). Accordingly, the notice of appeal was due on April 29, 2021, twenty days after the date the order was signed. *See id.* 26.1(b). Appellant filed his notice of appeal on May 10, 2021. He did not file a motion for extension of time.

Nevertheless, the appellate rules permit this court to extend the time for filing the notice of appeal if a party files the notice of appeal in the trial court and a motion for extension of time in this court within fifteen days "after the deadline for filing the notice of appeal." *See id.* 26.3. Appellant filed his notice of appeal within this fifteen-day window. Thus, we must imply a motion for extension of time if he can show a reasonable explanation for the late filing. *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (implying motion for extension of time to file appellate bond when bond was filed late but within fifteen-day period for filing motion for extension); *see also Houser v. McElveen*, 243 S.W.3d 646, 646-47 (Tex. 2008) (orig. proceeding) (per curiam) (implying motion for extension of time to file notice of appeal when notice of appeal was filed late but was mailed within the fifteen-day deadline).

On May 19, 2021, this court ordered appellant to file, in writing, a reasonable explanation for failing to timely file his notice of appeal no later than June 1, 2021. Our order cautioned appellant that if he did not provide a reasonable explanation by June 1, 2021, this appeal was subject to dismissal for want of jurisdiction. *See* TEX. R. APP. P. 42.3. Appellant did not respond; therefore, this appeal is dismissed for want of jurisdiction.

PER CURIAM