# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00388-CV

---

**Sidni Campbell, Appellant**

**v.**

**John Campbell, Jr., Appellee**

---

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. 23-O-319, THE HONORABLE AMANDA MONTGOMERY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Sidni Campbell perfected an appeal from a final judgment that, among other things, ordered a partition in kind of real property under Property Code chapter 23A and determined the ownership interests in the property of about a dozen people, including her, Daren Campbell, and John Campbell Jr.[1]  Daren[2] did not perfect any appeal from the judgment but now seeks to prosecute an appeal of the judgment.  Sidni moves to dismiss her appeal.  We grant her motion.

Daren, proceeding *pro se*, has filed several motions advancing various procedural and substantive arguments as to why this appeal should not be dismissed.  All his arguments share the theme that portions of the trial court's judgment should be reversed or otherwise altered and that he should be awarded greater relief than what the trial court's judgment awarded him.

---

[1]  John Campbell Jr. brought the suit.

[2]  Because several of the relevant people share a surname, we refer to them by their given names to reduce confusion.

We lack jurisdiction to take up any of Daren's arguments. Because he seeks greater relief for himself than what the trial court's judgment awarded, he had to perfect his own appeal from the judgment and thus become an appellant in his own right. *See* Tex. R. App. P. 25.1(c); *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex. 2004). The deadline here to have perfected an appeal or cross-appeal from the trial court's judgment was no later than June 18, 2025. No notice of appeal by Daren appears in the trial-court record, and the first document of any kind that he sent us was received in September 2025, beyond the 15-day period during which we could have entertained a motion to extend the time for him to perfect his own appeal. *See* Tex. R. App. P. 26.1(a)(2), (d), 26.3; *Houser v. McElveen*, 243 S.W.3d 646, 646 (Tex. 2008) (per curiam). Because of Daren's failure to perfect his own appeal from the trial court's judgment, we lack jurisdiction for anything else in this appeal other than granting Sidni's motion to dismiss. *See* Tex. R. App. P. 42.1(a). The appeal is dismissed, and all Daren's motions are dismissed as moot.[3]

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Ellis

Dismissed on Appellant's Motion

Filed: January 22, 2026

_____

[3] A word of caution is in order. In his motions, Daren has cited cases that do not appear to exist at all and has cited cases for purported quotations that do not exist in the relevant opinion. To be sure, Daren has also cited cases and quotations that do in fact exist. All this suggests that Daren is using the help of generative AI to produce his motions. We have reviewed and evaluated Daren's motions "with liberality and patience." *See Goldstein v. Sabatino*, 690 S.W.3d 287, 295 (Tex. 2024). And if Daren files anything further in our Court while proceeding *pro se*, as he has the right to do, we will review those filings as well with liberality and patience. But by the same token, *pro se* litigants are held to the same rules in court as parties represented by attorneys are

held to, *see Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978), and use of hallucinated citations in court has elsewhere cost the offending persons dearly, *see generally, e.g.*, *Johnson v. Dunn*, 792 F. Supp. 3d 1241 (N.D. Ala. 2025); *see id.* at 1246 ("Fabricating legal authority is serious misconduct that demands a serious sanction. In the court's view, it demands substantially greater accountability than the reprimands and modest fines that have become common as courts confront this form of AI misuse. As a practical matter, time is telling us – quickly and loudly – that those sanctions are insufficient deterrents. In principle, they do not account for the danger that fake citations pose for the fair administration of justice and the integrity of the judicial system."). Daren should take care not to include hallucinated citations, quotations, or authorities of any kind in the materials that he submits for filing in this Court.