# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00012-CV

**Brandon Williams, Appellant**

**v.**

**Megan Nabila Mitchell, Appellee**

### FROM THE 455TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-24-005735, THE HONORABLE CATHERINE A. MAUZY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Brandon Williams' notice of appeal was filed in 2026, and by it he seeks to appeal an August 2024 final judgment. This attempted appeal must be dismissed for want of jurisdiction.

Megan Mitchell initiated the underlying suit, seeking ultimately simply a family-violence protective order against Williams. On August 16, 2024, an associate judge signed the requested protective order, and later that same day, the presiding district-court judge signed the protective order. Because the protective order disposed of the only claim in the suit—Mitchell's request for the protective order—the signed protective order was the final judgment in the suit. *See B.C. v. Rhodes*, 116 S.W.3d 878, 881–82 (Tex. App.—Austin 2003, no pet.); *see also Baker v. Bizzle*, 687 S.W.3d 285, 291–92 (Tex. 2024) (presiding judge's act of signing judgment constitutes rendition of judgment).

A timely notice of appeal is a jurisdictional requirement for an appeal, and the period during which parties must file their notice of appeal begins with the signing of the judgment to be appealed. *See* Tex. R. App. P. 25.1, 26.1; *Connally v. Mannas*, No. 03-24-00167-CV, 2024 WL 3954529, at *1 (Tex. App.—Austin Aug. 28, 2024, no pet.) (mem. op.). Even assuming that Williams had the extended 90-day deadline from August 16, 2024, to file his notice of appeal under Rule 26.1(a), he did not file a notice of appeal until January 7, 2026, and did not move for an extension to file his notice of appeal until January 6, 2026, well beyond the 15-day window during which we could have entertained an extension motion. *See* Tex. R. App. P. 26.3; *Houser v. McElveen*, 243 S.W.3d 646, 646 (Tex. 2008) (per curiam).

Our Clerk sent a letter to Williams identifying the jurisdictional problem and asking him to respond with how our Court may exercise jurisdiction over this attempted appeal. More than 10 days have elapsed since the letter without a response from Williams. *See* Tex. R. App. P. 42.3(a).

We dismiss this attempted appeal for want of jurisdiction.

_____

Chari L. Kelly, Justice

Before Justices Triana, Kelly, and Ellis

Dismissed for Want of Jurisdiction

Filed: February 19, 2026

2