

NUMBER 13-11-00612-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF A. A. H., ET AL., CHILDREN

**On appeal from the 445th District Court
of Cameron County, Texas.**

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion Per Curiam

Appellant, B.H.[1], appeals from the district court's refusal to conduct a hearing *de novo* on an appeal from an associate judge's order terminating her parental rights. The district court's order was signed on August 19, 2011. Appellant filed a notice of appeal on September 16, 2011, and did not file a motion for extension of time to file her notice of appeal with this Court.

---

[1] In appeals from cases involving the termination of parental rights, the rules of appellate procedure require the use of an alias to refer to a minor, "and if necessary to protect the minor's identity, to the minor's parent or other family member." Tex. R. App. P. 9.8.

In suits where the termination of parental rights is in issue, an appeal of a final order is governed by the rules for accelerated appeals in civil cases. *See* TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (Vernon 2002 & Supp. 2007). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). The appellate court may extend the time to file the notice of appeal, if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files in the appellate court a motion for extension of time that complies with the appellate rules. TEX. R. APP. P. 26.3; *see In re K.A.F.*, 160 S.W.3d 923, 926-27 (Tex. 2005).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On November 8, 2011, this court notified appellant, pursuant to Texas Rule of Appellate Procedure 42.3(a), that her notice of appeal was untimely. The Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. See Tex. R. App. P. 37.3, 42.3(b),(c). Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this notice, the

2

appeal would be dismissed for want of jurisdiction. Appellant failed to respond to the Court's notice.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect her appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a),(c).



PER CURIAM

Delivered and filed the
12th day of January, 2012.

3