In the Interest of B.G., E.H.,
and J.M.H., Children.

No. 10–02–019–CV.

Court of Appeals of Texas,
Waco.

June 19, 2002.

Charles L. Levy, Law Office of Charles Levy, Waco, for Appellant/Relator.

Lana Shadwick, Houston, for Texas Department of Protection and Regulatory Services.

Lynnan L. Kendrick, Waco, Attorney Ad Litem.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

The trial court signed a decree terminating the parental rights of Marie Gutierrez with respect to her three children on December 14, 2001. Gutierrez filed a motion for new trial on December 18 and a notice of appeal on January 10, 2002. The Department of Protective and Regulatory Services ("DPRS") has filed a motion to dismiss the appeal for want of jurisdiction because her notice of appeal is untimely, because it does not state on its face that this is an accelerated appeal, and because Gutierrez did not file the statement of points for appeal required by section 263.405(b) of the Family Code. We will deny the motion.

## TIMELINESS OF NOTICE OF APPEAL

■ Based on recent amendments to the Family Code, this is an accelerated appeal.[1] *See* Tex. Fam.Code. Ann. §§ 109.002(a), 263.405(a) (Vernon Supp.

1. The Legislature amended section 109.002(a) of the Family Code to provide:

   An appeal from a final order rendered in a suit, when allowed under this section or under other provisions of law, shall be as in civil cases generally. An appeal in a suit which termination of the parent-child relationship is in issue shall be given precedence over other civil cases and shall be accelerated by the appellate courts. The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue.
   Tex. Fam.Code. Ann. § 109.002(a) (Vernon Supp.2002). This amendment took effect on September 1, 2001 and applies to any appeal "pending on or after the effective date of this Act." *See* Act of May 5, 2001, 77th Leg., ch. 539, § 3, 2001 Tex. Gen. Laws 1017, 1017.

   The Legislature also enacted section 263.405(a) of the Family Code which provides:

   An appeal of a final order rendered under this subchapter is governed by the rules of the supreme court for accelerated appeals in civil cases and the procedures provided by this section. The appellate court shall render its final order or judgment with the least possible delay.
   Tex. Fam.Code. Ann. § 263.405(a) (Vernon Supp.2002). This amendment also took effect on September 1, 2001 and "applies only to an appeal of a final order under Subchapter E, Chapter 263, Family Code, as amended by this Act, filed on or after the effective date of this Act." *See* Act of May 22, 2001, 77th Leg., R.S., ch. 1090, § 10(b), 2001 Tex. Gen. Laws 2395, 2398.

2002). Therefore, the notice of appeal was due twenty days after the decree was signed. *See* Tex.R.App. P. 26.1(b). Gutierrez's motion for new trial did not extend the due date for her notice of appeal. *See* Tex. Fam.Code. Ann. § 263.405(c) (Vernon Supp.2002); Tex.R.App. P. 28.1. Accordingly, she filed her notice of appeal seven days late.

■ Nevertheless, the appellate rules permit this Court to extend the time for filing the notice of appeal if a party files the notice of appeal in the trial court and a motion for extension in this Court within fifteen days "after the deadline for filing the notice of appeal." *See* Tex.R.App. P. 26.3. Gutierrez filed her notice of appeal within this fifteen-day window. Thus, we must imply a motion for extension if she can show a reasonable explanation for the late filing. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997); *Cotton v. Cotton*, 57 S.W.3d 506, 508–09 (Tex.App.-Waco 2001, no pet.); *Weik v. Second Baptist Church*, 988 S.W.2d 437, 439 (Tex.App.-Houston [1st Dist.] 1999, pet. denied); *Dimotsis v. Lloyds*, 966 S.W.2d 657, 657 (Tex.App.-San Antonio 1998, order, no pet.). We notified Gutierrez that her appeal was subject to dismissal for want of jurisdiction if she could not provide a reasonable explanation. *See Coronado v. Farming Tech., Inc.*, 994 S.W.2d 901, 901–02 (Tex.App.-Houston [1st Dist.] 1999, order, no pet.).

Gutierrez filed a response four days later. Her counsel explained that he did not realize that the Legislature had amended the pertinent statutes to make this appeal accelerated. He mistakenly believed that the motion for new trial extended the time for the filing of the notice of appeal (which it would have done under prior law).[2]

The Supreme Court has defined a "reasonable explanation" as follows:

> [A]ny plausible statement of circumstances indicating that failure to file ... was not deliberate or intentional, but was the result of inadvertence, mistake, or mischance, [would] be accepted as a reasonable explanation, even though counsel or his secretary may appear to have been lacking in that degree of diligence which careful practitioners normally exercise.

*Garcia v. Kastner Farms, Inc.*, 774 S.W.2d 668, 670 (Tex.1989) (quoting *Sloan v. Passman*, 538 S.W.2d 1, 1 (Tex.Civ.App.-Dallas 1976, no writ) (Guittard, C.J., dissenting)). The intermediate courts of appeal have regularly applied this definition when determining whether the appellant had provided a reasonable explanation to support an implied extension under *Verburgt*. *See, e.g., Kidd v. Paxton*, 1 S.W.3d 309, 310 (Tex.App.-Amarillo 1999, no pet.); *Weik*, 988 S.W.2d at 439; *Dimotsis*, 966 S.W.2d at 657.

Applying this definition, we conclude that Gutierrez has provided a reasonable explanation for the late filing of her notice of appeal.

## CONTENT OF NOTICE OF APPEAL

Rule of Appellate Procedure 25.1(d)(6) requires that a notice of appeal "in an accelerated appeal state that the appeal is accelerated." Tex.R.App. P. 25.1(d)(6). DPRS argues that we should dismiss this appeal for want of jurisdiction because Gu-

---

**2.** In other appeals (civil and criminal), a party has 90 days to file a notice of appeal if a motion for new trial has been timely filed. *See* Tex.R.App. P. 26.1(a)(1), 26.2(a)(2). Under the former law, a termination appeal was "given precedence over other civil cases," but it was not "accelerated." *See* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 1, sec. 109.002(a), 1995 Tex. Gen. Laws 113, 137 (amended 2001) (current version at Tex. Fam. Code. Ann. § 109.002(a)).

tierrez's notice does not comply with this Rule.

 "Settled case law establishes that a 'bona fide attempt,' even if defective, will suffice to invoke an appellate court's jurisdiction." *Guinn v. Bosque County,* 58 S.W.3d 194, 199 (Tex.App.-Waco 2001, pet. denied) (citing *Verburgt,* 959 S.W.2d at 616). Accordingly, we hold that Gutierrez's notice of appeal constitutes a "bona fide attempt" and suffices to invoke our jurisdiction.

In response to DPRS's motion, Gutierrez has filed a motion to amend her notice of appeal to state that this is an accelerated appeal. Rule of Appellate Procedure 25.1(f) permits an appellant to amend her notice of appeal after the appellant's brief is filed "only on leave of the appellate court and on such terms as the court may prescribe." Tex.R.App. P. 25.1(f). We grant her motion to amend. *See id.* 44.3.

### STATEMENT OF POINTS FOR APPEAL

In 2001, the Legislature enacted section 263.405 of the Family Code which governs an appeal from a termination decree rendered in a suit in which DPRS is the petitioner. *See* Tex. Fam.Code. Ann. § 263.405 (Vernon Supp.2002). Subsection (b) of this statute provides:

> Not later than the 15th day after the date a final order is signed by the trial judge, a party intending to appeal the order must file with the trial court a statement of the point or points on which the party intends to appeal. The statement may be combined with a motion for a new trial.

*Id.* § 263.405(b).

DPRS contends that Gutierrez's appeal must be dismissed for want of jurisdiction because she did not comply with this statute. Gutierrez responds that her motion for new trial "sets forth each and every point upon which Gutierrez appealed the trial court's final order, no more and no less." Gutierrez filed her motion for new trial four days after the trial court signed the termination decree. Accordingly, she complied with section 263.405(b).

For the foregoing reasons, we deny DPRS's motion to dismiss this appeal.