

# NUMBER 13-09-00469-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF G. H. AND D. Z., MINOR CHILDREN

### On appeal from County Court at Law No. 5
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Garza
### Memorandum Opinion Per Curiam

Appellant, A.H., attempted to perfect an appeal from a judgment entered by the County Court at Law No. 5 of Nueces County, Texas, in cause number 08-60421-5, a suit affecting the parent-child relationship. Judgment in this cause was signed on March 19, 2009. No motion for new trial was filed. Pursuant to Texas Rule of Appellate Procedure 26.1(b), appellant's notice of appeal was due on April 8, 2009.[1]

---

[1] An appeal of a final order rendered under Texas Family Code chapter 263 is governed by the rules of the Texas Supreme Court for accelerated appeals in civil cases. TEX. FAM. CODE §263.405.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On August 10, 2009, A.H. filed a "First Motion for Extension of Time to File Response on Appeal on Final Order in Suit Affecting the Parent-Child Relationship" with the trial court. Her motion requests that this Court grant her sixty days in which to complete an "Appeal on Final Order" and states that she did not receive notice of the final order until August 5, 2009. On August 19, 2009, the Clerk of this Court notified appellant that the appeal was not timely perfected and that the Court had received her notice of appeal and motion for extension on August 11, 2009. Appellant was advised to take steps to correct the defect, if it could be done. On September 4, 2009, Appellee filed a motion to dismiss the appeal for lack of jurisdiction.

Construing appellant's "First Motion for Extension of Time to File Response on Appeal on Final Order in Suit Affecting the Parent-Child Relationship" as a notice of appeal and a motion for extension of time, the notice of appeal was not filed within the fifteen-day grace period. Appellant asserts that she did not receive a copy of the final order until August 5, 2009. However, appellant cannot benefit from the procedures to gain additional time when no timely notice of the trial court's judgment was received. *See* TEX. R. APP. P.

2

4.2(a) (limiting the extension of time to 90 days after the judgment or order was signed). Appellant's notice of appeal was filed on August 10, 2009, 144 days after the date the order was signed.

The times for filing a notice of appeal are jurisdictional, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal. *See* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once extension period has passed, a party can no longer invoke an appellate court's jurisdiction); *see also Barrera v. Canales*, No. 04-01-00221-CV, 2001 Tex. App. LEXIS 3878, *2 (Tex. App.–San Antonio June 13, 2001, no pet.) (per curiam).

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, appellant's motion for extension of time to file notice of appeal is DENIED, the appellee's motion to dismiss appeal for lack of jurisdiction is GRANTED, and the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Memorandum Opinion delivered and
filed this the 1st day of October, 2009.

3