

**NUMBER 13-09-00505-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ADAN ESQUIBEL,**                                                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                     **Appellee.**

---

**On appeal from the County Court at Law No. 2
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion Per Curiam**

Appellant, Adan Esquibel, attempted to perfect an appeal from a judgment entered

by the County Court at Law No. 2 in Hidalgo County, Texas, in cause number F-2923-00-2.

Judgment in this cause was signed on November 4, 2008.  No motion for new trial was

filed.  Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on December 4, 2008, but was not filed until July 31, 2009.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time.  *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26).  However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal.  *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On September 4, 2009, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done.  Appellant was advised that, if the defect was not corrected within fifteen days from the date of the Court's letter, the appeal would be dismissed.  On September 21, 2009, appellant filed a letter stating that his environment did not allow him expediency, asking if he should file a motion for extension of time to comply and filed an application to proceed in forma pauperis.  This Court construes appellant's September 21, 2009 filings as a motion for extension of time to file the appeal, however the notice of appeal was not filed within the fifteen-day grace period.

The times for filing a notice of appeal are jurisdictional, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal.  *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that

2

once extension period has passed, a party can no longer invoke an appellate court's jurisdiction); *see also Barrera v. Canales*, No. 04-01-00221-CV, 2001 Tex. App. LEXIS 3878, *2 (Tex. App.–San Antonio June 13, 2001, no pet.) (per curiam).

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, appellant's motion for extension of time to file notice of appeal is DENIED, and the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).


                                                    PER CURIAM

Delivered and filed the 21st
day of December, 2009.