NUMBER 13-09-00665-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

JOSEPH HANSLER, TOBIN HANSLER TRUST, 

AND TARA HANSLER TRUST, Appellants,


v.



MICHAEL WILLIAMS, JOSEPH P. WENDT, 

KIM COX, PAUL KRATZIG, AND 

PURDUE INVESTMENTS, INC., Appellees. 

_____________________________________________________________


On appeal from the 105th District Court 


of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion Per Curiam


 Appellants, Joseph Hansler, Tobin Hansler Trust, and Tara Hansler Trust,
attempted to perfect an appeal from a judgment entered by the 105th District Court of
Nueces County, Texas, in cause number 08-5232-D. Judgment in this cause was signed
on August 18, 2009. A motion for new trial was filed on July 20, 2007 (1). Pursuant to Texas
Rule of Appellate Procedure 26.1, appellants' notice of appeal was due on November 16,
2009, but was not filed until December 9, 2009. 

 A motion for extension of time is necessarily implied when an appellant, acting in
good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the
fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. See
Verburgt v. Dorner, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to
Rule 26). However, appellant must provide a reasonable explanation for the late filing: it
is not enough to simply file a notice of appeal. Id.; Woodard v. Higgins, 140 S.W.3d 462,
462 (Tex. App.-Amarillo 2004, no pet.); In re B.G., 104 S.W.3d 565, 567 (Tex. App.-Waco
2002, no pet.).

 On December 11, 2009, the Clerk of this Court notified appellants of this defect so
that steps could be taken to correct the defect, if it could be done. Appellants were advised
that, if the defect was not corrected within ten days from the date of receipt of this Court's
letter, the appeal would be dismissed. Appellants responded by filing a motion for leave
to file notice of appeal which was granted by this Court. On January 20, 2010, appellees
filed a motion for rehearing as to the Court's granting of appellants' motion for leave to file
notice of appeal and a motion to dismiss appeal for lack of jurisdiction.

 The Court hereby GRANTS appellees' motion for rehearing as to the Court's
granting of appellant's motion for leave to file notice of appeal. Appellants' notice of appeal
was not filed within the fifteen-day grace period. (2) Accordingly, this Court improvidently
granted appellants' motion for leave to file notice of appeal and hereby withdraws its prior
ruling. 

 The Court, having examined and fully considered the documents on file, appellants'
failure to timely perfect the appeal, appellants' motion for leave to file notice of appeal and
appellees' motion to dismiss appeal for lack of jurisdiction, is of the opinion that the appeal
should be dismissed for want of jurisdiction. Appellees' motion to dismiss appeal for lack
of jurisdiction is GRANTED. Accordingly, the appeal is hereby DISMISSED FOR WANT
OF JURISDICTION. See Tex. R. App. P. 42.3(a)(c).


 PER CURIAM

Delivered and filed the

25th day of February, 2010. 





 
1. [1] The motion for new trial was filed under the original cause number 08-5232-D and not severed cause number
09-4460-D. 
2. [2] Even if appellant had intended to appeal severed cause number 09-4460-D, appellants' notice of appeal
would have been due on November 17, 2009. The notice of appeal was filed on December 9, 2009, outside
the fifteen day grace period.