

# NUMBER 13-10-00027-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| LUANA GRUETZMACHER AND CURTIS GRUETZMACHER, | Appellants, |
| v. | |
| DUKE ENERGY FIELD SERVICES, L.P., NOW KNOWN AS DCP MIDSTREAM, L.P., | Appellee. |

### On appeal from the 135th District Court of Goliad County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion Per Curiam

Appellants, Luana Gruetzmacher and Curtis Gruetzmacher, attempted to perfect an appeal from a judgment entered by the 135th District Court of Goliad County, Texas, in cause number 07-1-9145-CV. Judgment in this cause was signed on September 21, 2009. A motion to reconsider was filed on October 19, 2009. Pursuant to Texas Rule of

Appellate Procedure 26.1, appellant's notice of appeal was due on December 21, 2009, but was not filed until January 18, 2010.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On February 1, 2010, the Clerk of this Court notified appellants of this defect so that steps could be taken to correct the defect, if it could be done. Appellants were advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellants providing a reasonable explanation for the late filing of the notice of appeal. Appellee has filed a motion to dismiss for want of jurisdiction.

The Court, having examined and fully considered the documents on file, appellants' failure to timely perfect the appeal, and appellants' failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, appellee's motion to dismiss is GRANTED and the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
4th day of March, 2010.

2