NUMBER 13-10-00143-CV

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

JUAN LIMON,
INDIVIDUALLY AND AS PERSONAL                                 

REPRESENTATIVE OF THE
ESTATE 

OF ELIDA LIMON,
DECEASED,                                                  Appellant,

 

                                                             v.

 

RODOLFO GUERRERO, M.
D.,                                                     Appellee.

____________________________________________________________

 

                            On
appeal from the 93rd District Court 

                                       of
Hidalgo County, Texas.

____________________________________________________________

 

                            MEMORANDUM OPINION

 

                  Before
Justices Rodriguez, Benavides, and Vela

Memorandum Opinion
Per Curiam

 








Appellant,
Juan Limon, individually and as personal representative of the estate of Elida
Limon, deceased, attempted to perfect an agreed appeal of an interlocutory order
entered by the 93rd District Court of Hidalgo, County, Texas, in cause no. C-546-07-B. 
See Tex. Civ. Prac. & Rem. Code ann. §51.014 (d); Tex. R. App. P. 28.2.  The trial
court signed a written order granting permission to appeal on February 24,
2010.  Appellant=s notice of appeal was due on March
16, 2010, but was not filed until March 23, 2010.

Texas
Rule of Appellate Procedure 28.2 provides that an appeal is perfected when
notice of appeal is filed within twenty days after the date the trial court
signs a written order granting permission to appeal, unless the court of
appeals extends the time for filing pursuant to Rule 26.3.  A motion for
extension of time is necessarily implied when an appellant, acting in good
faith, files a notice of appeal beyond the time allowed by rule 26.1, but
within the fifteen‑day grace period provided by Rule 26.3 for filing a
motion for extension of time.  See Verburgt v. Dorner, 959 S.W.2d 615,
617‑18, 619 (1997) (construing the predecessor to Rule 26).  However,
appellant must provide a reasonable explanation for the late filing: it is not
enough to simply file a notice of appeal.  Id.; Woodard v. Higgins,
140 S.W.3d 462, 462 (Tex. App.BAmarillo 2004, no pet.); In re B.G.,
104 S.W.3d 565, 567 (Tex. App.BWaco 2002, no pet.).

 On
March 25, 2010, the Clerk of this Court notified appellant of this defect so
that steps could be taken to correct the defect, if it could be done. Appellant
was advised that, if the defect was not corrected within ten days from the date
of receipt of this Court=s letter, the appeal would be
dismissed.  To date, no response has been received from appellant providing a
reasonable explanation for the late filing of the notice of appeal.   

The
Court, having examined and fully considered the documents on file, appellant=s failure to timely perfect his appeal, and appellant=s failure to respond to this Court=s notice, is of the opinion that the appeal should be
dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED
FOR WANT OF JURISDICTION.  See Tex.
R. App. P. 42.3(a)(c).

 

PER CURIAM

Delivered and filed the

5th day of August, 2010.