

## NUMBER 13-10-00628-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**MICHAEL A. FLORES, M. D.,** **Appellant,**

**v.**

**PLATA PROPERTIES, INCORPORATED,** **Appellee.**

### On appeal from the County Court at Law No. 2 of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Vela**
**Memorandum Opinion Per Curiam**

Appellant, Michael A. Flores, M.D., attempted to perfect an appeal from a judgment entered by the County Court at Law No. 2 of Hidalgo County, Texas, in cause number CL-09-1895-B. Judgment in this cause was signed on July 2, 2010. A motion for new trial was filed on July 30, 2010. Pursuant to Texas Rule of Appellate Procedure

26.1, appellant's notice of appeal was due on September 30, 2010, but was not filed until October 15, 2010.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed.  TEX. R. APP. P. 26.1(a)(1).  Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed.  TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26).  However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal.  *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.–Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.–Waco 2002, no pet.).

On November 16, 2010, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done.  Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed.  To date, no response has been received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of

2

jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
6th day of January, 2011.

3