

IN THE
TENTH COURT OF APPEALS

No. 10-12-00044-CV

IN THE INTEREST OF C.L., A CHILD,

From the 278th District Court
Madison County, Texas
Trial Court No. 10-12341-278-09

OPINION

On November 10, 2011, the trial court signed an order terminating Appellant Richard L.'s and Appellant Christy B.'s parental rights to C.L. The appeal from this order is treated as an accelerated civil case. *See* TEX. FAM. CODE ANN. § 263.405(a) (West Supp. 2011). Thus, the notice of appeal must have been filed within twenty days after the order was signed (by November 30, 2011). *See* TEX. R. APP. P. 26.1(b). If the notice of appeal was not filed in that time, a motion for extension of time to file notice of appeal must have been filed within fifteen days after the deadline for filing the notice of appeal (by December 15, 2011). *See* TEX. R. APP. P. 26.3. If the notice of appeal was filed within the fifteen-day window for filing a motion for extension of time to file notice of appeal, we must imply a motion for extension of time if an appellant can show a reasonable

explanation for the late filing of the notice of appeal. *See In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, order); TEX. R. APP. P. 26.3.

Christy filed her notice of appeal on January 6, 2012. On February 7, 2012, we sent a letter to Christy, notifying her that it appeared that her notice of appeal was untimely and that the court lacked jurisdiction. The letter notified her that the court might dismiss the appeal unless, within twenty-one days from the date of the letter, she filed a response showing grounds for continuing the appeal. Christy did not file a response. Accordingly, Christy's appeal is dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

Richard filed his notice of appeal on December 9, 2011. On February 7, 2012, we sent a letter to Richard, notifying him that it appeared that his notice of appeal was untimely; however, because the notice of appeal was filed within the fifteen-day window for filing a motion for extension of time to file notice of appeal, we would imply a motion for extension of time if he could show a reasonable explanation for the late filing of the notice of appeal within twenty-one days of the date of the letter. *See In re B.G.*, 104 S.W.3d at 567; TEX. R. APP. P. 26.3. In a February 23, 2012 letter, Richard's appointed counsel responded, "I have made numerous attempts to locate my client who is the biological father of the child, the subject of this case. I do not have any intention to proceed with this appeal since I can not [sic] get [Richard] to respond to me."

We abated the appeal for a hearing in the trial court to determine whether Richard has abandoned the appeal. After a hearing, the trial court entered an order

finding that Richard has abandoned the appeal. Accordingly, we dismiss Richard's appeal for want of prosecution. *See* TEX. R. APP. P. 42.3(b).


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed
Opinion delivered and filed April 4, 2012
[CV06]