

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00309-CV

**JEROME DUPREE DURHAM,**

                                                                            **Appellant**

 **v.**

**HON. JOHN H. JACKSON, JUDGE,
LOWELL THOMPSON, DA,**

                                                                            **Appellees**

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D12-21103-CV

## MEMORANDUM  OPINION

On August 24, 2012, appellant, Jerome Dupree Durham, filed in the trial court his notice of appeal in this matter.  Durham wishes to appeal from the following judgments entered by the trial court:  (1) a plea to the jurisdiction granted in favor of appellees, the Navarro County Criminal District Attorney's Office and Navarro County Criminal District Attorney R. Lowell Thompson, on May 30, 2012; and (2) a no-evidence motion for summary judgment granted in favor of appellee, the Honorable Judge John H. Jackson, on June 28, 2012.

Texas Rule of Appellate Procedure 26.1 requires that a notice of appeal be filed within thirty days after the judgment is signed, unless a motion for new trial, a motion to modify the judgment, a motion to reinstate, or a request for findings of fact and conclusions of law is timely filed. TEX. R. APP. P. 26.1. In his notice of appeal, Durham indicates that he has not filed any of these requests or motions that extend the appellate deadline. *See id.* at R. 26.1(a) (extending the time for filing a notice of appeal to ninety days from the date the judgment is signed). Thus, in accordance with Texas Rule of Appellate Procedure 26.1, Durham's notice of appeal with regard to the plea to the jurisdiction was due within twenty days of May 30, 2012 and his notice of appeal with regard to the no-evidence summary-judgment motion was due within thirty days of June 28, 2012. *See id.* at R. 26.1, 28.1(a); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2012). Clearly, Durham's notice of appeal in this matter was filed in excess of the deadlines stated in Texas Rule of Appellate Procedure 26.1 and, thus, is untimely. Further, Durham's notice of appeal was not filed within the fifteen-day window for filing a motion for extension of time to file a notice of appeal, which would require this Court to imply a motion for extension of time if Durham could show a reasonable explanation for the late filing of the notice of appeal. *See In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, order); TEX. R. APP. P. 26.3; *see also McCrumb v. Pierce*, No. 10-11-00139-CV, at *1 (Tex. App.—Waco Sept. 21, 2011, no pet.) (mem. op.).

Nevertheless, on September 19, 2012, we sent Durham a letter requesting a response showing grounds for continuing this appeal in light of the foregoing. Durham's response was ordered to be filed within twenty-one days of our September

19, 2012 letter. On October 11, 2012, Durham responded that he did not receive notice of the judgments until July 23, 2012 and that he filed his notice of appeal on August 17, 2012, allegedly within thirty days of receiving notice of the judgments.[1] In support of his contention, Durham attached a copy of a correspondence between him and the prison system mail room. In this correspondence, Durham states: "I recieved [sic] some legal mail in July[,] I believe. Could you please send me the date that was on my yellow slip please[?] Between July 20th thru 23." The prison mail room provided the following response: "July 23, 2012 Navarro County District Clerk, Joshua B. Tackett P.O. Box 1439 Corsicana, Texas 75151." This correspondence does not specifically mention the contents of the "legal mail" that Durham received; thus, we cannot be certain that the "legal mail" contained the judgments about which Durham complains. Furthermore, Durham has not presented us with evidence of when he placed his pro se notice of appeal in the prison-system mail. *See, e.g., Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (noting that "a pro se inmate's claim under section 14.004 of the Inmate Litigation Act is deemed filed at the time the prison authorities duly receive the document to be mailed"). Even if we were to assume that Durham received notice of the judgments on July 23, 2012, almost a month after the last judgment was rendered, Durham's notice of appeal was still untimely. *See* TEX. R. APP. P. 26.1 ("The notice of appeal must be filed within 30 days after the judgment is signed . . . ."); *see id.* at R.

---

[1] We note that Durham's notice of appeal contains a certificate of service indicating that the notice was served on the opposing parties on August 21, 2012, four days after he alleges to have filed his notice of appeal.

26.1(b) ("[I]n an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed . . . .").

Therefore, because his notice of appeal is untimely, we dismiss Durham's appeal for want of jurisdiction.[2] *See Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005) (holding that, absent a timely notice of appeal, this Court is without jurisdiction to consider an appeal).


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal dismissed
Opinion delivered and filed November 1, 2012
[CV06]

---

[2] We also note that Durham has not obtained a finding from the trial court that he was not timely provided notice of the complained-of judgments. *See* TEX. R. CIV. P. 306a(4) ("If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed."), 306a(5) ("In order to established [sic] the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.").

Durham v. Jackson                                            Page 4