

# NUMBER 13-12-00487-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CYNTHIA FARIAS AS NEXT FRIEND
OF VIDAL DE JESUS FARIAS, A MINOR,                          Appellant,

v.

JOSE OCANAS,                                               Appellee,

### On appeal from the County Court at Law No. 7
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Memorandum Opinion Per Curiam

This cause is before the Court on appellant's motion to set aside trial court's findings and perfect appeal, in the alternative, for remand. Appellant, Cynthia Farias as next friend of Vidal de Jesus Farias, a minor, attempted to perfect an appeal from a judgment entered by the County Court at Law No. 7 of Hidalgo County, Texas, in cause number CL-07-1336-G. Appellant filed a notice of appeal on July 27, 2012.

The clerk's record reflects a final judgment was signed on August 9, 2012, but the date March 30, 2012, appears and is marked through. The docket sheet does not reflect a final judgment was signed on August 9, 2012. On October 19, 2012, the Court abated and remanded the matter to the trial court to allow the trial court to court to clarify the date the final judgment was signed and to make any corrections necessary to the record.

The trial court held a hearing on November 14, 2012, and the Court subsequently received a supplemental reporter's record and clerk's record containing the trial court's findings. The trial court concluded that the final judgment which is referenced as signed on August 9, 2012 was signed in error, is void and does not reflect an accurate date for the final judgment; that any reference that the final judgment was signed on March 30, 2012 is inaccurate; and that the final judgment was signed on March 20, 2012.

Appellant has filed a motion to set aside trial court's findings and perfect appeal, in the alternative, for remand. Appellant asserts that the docket sheet does have an entry on March 20, 2012 stating that final judgment order was signed on said date, however, no final judgment order signed on that date exists. It is appellant's position that while the trial court might have intended to sign a final judgment on March 20, 2012, the trial court did not do so until August 9, 2012, and because the final judgment order was signed on August 9, 2012, the appeal is timely perfected.

The transcript of the hearing on November 14, 2012, indicates that the parties agreed that that the correct date the final judgment was signed was March 20, 2012. Additionally, appellant's motion for new trial filed on April 19, 2012 states that a final judgment was entered on March 20, 2012. Given the trial court's findings, we conclude that the final judgment was signed on March 20, 2012.

2

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.- Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App. -Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on June 18, 2012, but was not filed until July 27, 2012. The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect her appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant's motion to set aside trial court's findings and perfect appeal, in the alternative, for remand is hereby DENIED. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
24th day of January, 2013.

3