

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00050-CV

**BOBBY BROWN,**

**Appellant**

**v.**

**CODY GINSEL, ET AL,**

**Appellee**

From the 278th District Court
Walker County, Texas
Trial Court No. 26149

## MEMORANDUM OPINION

Appellant Bobby Brown's notice of appeal was filed in the trial court on February 13, 2013, stating that he appeals from a final judgment entered on September 10, 2012. Brown acknowledges in his notice of appeal that it is untimely and explains that it is untimely because he filed a motion to alter the judgment but that the district court ignored it. But when a party files a motion to modify the judgment, which extends the time in which to file the notice of appeal, the notice of appeal must still be filed within 90 days after the judgment is signed. TEX. R. APP. P. 26.1(a)(2). Brown's

notice of appeal was not filed within 90 days after the judgment was signed, nor was it filed within the 15-day window for filing a motion for extension of time such that we would imply a motion for extension of time. *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, order).

By letter dated February 27, 2013, the Clerk of this Court notified Brown that this appeal was subject to dismissal for want of jurisdiction. The Clerk also warned Brown that the Court may dismiss the appeal unless, within twenty-one days of the date of the letter, a response was filed showing grounds for continuing the appeal. TEX. R. APP. P. 44.3. On March 20, 2013, we received as a response from Brown a motion to proceed on appeal, but it shows no grounds for continuing the appeal. Accordingly, his appeal is dismissed. *See* TEX. R. APP. P. 42.3(a).

All pending motions are dismissed as moot.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007); *see also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b), 51.941(a), 51.208 (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

REX D. DAVIS
Justice


Before Chief Justice Gray,
          Justice Davis, and
          Justice Scoggins
Appeal dismissed
Opinion delivered and filed April 11, 2013
[CV06]