

# NUMBER 13-13-00131-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTHONY R. FREEMAN,                                          **Appellant,**
TDCJ# 297125

**v.**

LOUIS GARCIA,                                                **Appellee.**

## On appeal from the 156th District Court
## of Bee County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Anthony R. Freeman, TDCJ# 297125, is an inmate at the Texas Department of Criminal Justice, Institutional Division and seeks to appeal from a district court order dismissing as frivolous his lawsuit for failure to comply with chapter 14 of the civil practice and remedies code. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014

(West 2002) (establishing procedural requirements for inmate litigation). Because we conclude that appellant's notice of appeal was untimely, we dismiss the appeal for lack of jurisdiction.

The order dismissing appellant's case was signed on June 5, 2012. On June 26, 2012, appellant filed a motion to alter or amend judgment which states that he received the final judgment on June 11, 2012. Appellant filed his notice of appeal on March 5, 2013.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal

was due on September 4, 2012[1], but was not filed until March 5, 2013. On March 7, 2013, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. No response has been received from appellant addressing the untimely notice of appeal. Regardless, appellant's notice of appeal was filed beyond the fifteen-day grace period provided by rule 26.3.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
2nd day of May, 2013.

---

[1] The 30 day deadline for perfecting an appeal would actually be Monday, September 3, 2012, however that day was a federal holiday, Labor Day, making the notice of appeal due Tuesday, September 4, 2012. *See* TEX. R. APP. P. 4.1(a).