

# NUMBER 13-14-00536-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOEY EDDEEK D/B/A
JOE'S QUICK STOP #2,                                           Appellant,

v.

WRIGHT FUEL DISTRIBUTORS, LLC,                                Appellee.

### On appeal from the 445th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Joey Eddeek d/b/a Joe's Quick Stop #2, attempted to perfect an appeal

from a judgment entered by the 445th District Court of Cameron County, Texas, in cause

number 2012-DCL-7930-I.   Judgment in this cause was signed on April 14, 2014.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.--Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.--Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on May 14, 2014, but was not filed until August 19, 2014. On September 19, 2014, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant's counsel filed an opposed motion for extension of time to cure defect which was granted by the Court, extending appellant's time to cure defect until October 29, 2014. No response has been received from appellant.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c).


PER CURIAM

Delivered and filed the
13th day of November, 2014.