

**NUMBER 13-15-00199-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RHINA L. GERVIS,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

### On appeal from the 398th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion Per Curiam

Appellant, Rhina L. Gervis, attempted to perfect an appeal from a judgment entered by the 398th District Court of Hidalgo County, Texas, in cause number C-1754-10-I. Judgment in this cause was signed on November 2, 2010.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial

has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on December 2, 2010, but was not filed until April 21, 2015. On April 22, 2015, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant responded by filing a motion for extension of time to file the notice of appeal. Appellant asserts she has good cause for the extension of time because she did not know it was possible to appeal the judgment.

Although appellant has responded with an explanation regarding her late filing of the notice of appeal, appellant's notice of appeal was filed beyond the fifteen-day grace period provided by rule 26.3. The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction. Appellant's motion for extension

2

of time to file the notice of appeal is hereby DENIED.   Accordingly, the appeal is hereby

DISMISSED FOR WANT OF JURISDICTION.   *See* TEX. R. APP. P. 42.3(a).


PER CURIAM

Delivered and filed the
14th day of May, 2015.