

**NUMBER 13-16-00063-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JASON OMAR MORENO,                                                  Appellant,

v.

CREGG C. THOMPSON, HIDALGO COUNTY
ASSISTANT DISTRICT ATTORNEY,                          Appellee.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Jason Omar Moreno, attempted to perfect an appeal from a judgment

entered by the 92nd District Court of Hidalgo County, Texas, in cause number C-1912-

15-A. Judgment in this cause was signed on December 17, 2015. No motion for new

trial was filed.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617-18, 619 (1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.-Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.вWaco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on January 18, 2016[1], but was not filed until January 25, 2016. On January 27, 2016, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. Appellant filed a motion for extension of time to cure the defect. The Court granted appellant's request, extending the time to cure the defect until April 8,

---

[1] Because the thirtieth day fell on a Saturday, appellants had until the following Monday, January 18, 2016 to file the notice of appeal. *See* TEX. R. APP. P. 4.1.

2016. To date, no response has been received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant=s failure to timely perfect his appeal, and appellant=s failure to respond to this Court=s notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a)(c). Any pending motions are likewise DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Delivered and filed the
26th day of May, 2016.

3