

## NUMBER 13-16-00328-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN THE INTEREST OF A.B., M.B., L.B., AND A.B., CHILDREN

### On appeal from the 36th District Court
### of Aransas County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion Per Curiam**

This is an accelerated parental termination case. *See* TEX. R. APP. P. 28.4. Appellant M.B. attempts to appeal from a judgment entered April 28, 2016 terminating her parental rights with respect to her children, A.B., M.B., L.B., and A.B.[1] Appellant filed her pro se notice of appeal on June 15, 2016. We dismiss the appeal for want of jurisdiction.

---

[1] We will refer to the mother as M.B., in accordance with rule of appellate procedure 9.8. *See* TEX. R. APP. P. 9.8(b) (providing that in a parental-rights termination case, "the court must, in its opinion, use an alias to refer to a minor, and if necessary to protect the minor's identity, to the minor's parent or other family member"); *see also* TEX. FAM. CODE ANN. § 109.002(d) (West, Westlaw through 2015 R.S.) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only.").

The rules for accelerated appeals in civil cases govern an appeal of a final order in suits where the termination of parental rights is in issue. *See* TEX. FAM. CODE ANN. §§ 109.002(a), 263.405(a) (West, Westlaw through 2015 R.S.). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. TEX. R. APP. P. 26.1(b). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal in the trial court and files, in the appellate court, a motion for extension of time that complies with the appellate rules and that provides a reasonable explanation for failing to timely file his notice of appeal. *Id.* R. 26.3; *In re K.A.F.*, 160 S.W.3d 923, 926–27 (Tex. 2005); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.) (determining that a reasonable explanation was given).

On July 6, 2016, this Court notified appellant, pursuant to Texas Rule of Appellate Procedure 42.3(a), that her notice of appeal was untimely. The Clerk of this Court informed appellant of this defect so that M.B. could take steps to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.3, 42.3(b),(c). Appellant was also advised that, if the defect was not corrected within ten days from the date of receipt of the notice, the appeal would be dismissed for want of jurisdiction. On August 3, 2016, appellant filed an amended notice of appeal.

Appellant's notice of appeal was untimely, and we lack jurisdiction over this appeal. Because this Court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, we DISMISS the

appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
2nd day of September, 2016.