

# IN THE
# TENTH COURT OF APPEALS

No. 10-17-00165-CV

NEVILLYN WETTERMARK, INDIVIDUALLY
AND AS REPRESENTATIVE OF THE ESTATE
OF EVELYN JUANITA PADGETT; THE
ESTATE OF EVELYN JUANITA PADGETT,

                                           **Appellants**

 **v.**

JAMES MICHAEL ORMS, MD,
INDIVIDUALLY; DAVID A. LATHAM, MD,
FAIRFIELD ENTERPRISES, LLC D/B/A
FAIRFIELD NURSING AND
REHABILITATION; EAST TEXAS MEDICAL
CENTER REGIONAL HEALTHCARE SYSTEM;
EAST TEXAS MEDICAL CENTER FAIRFIELD,

                                           **Appellees**

---

**From the 87th District Court**
**Freestone County, Texas**
**Trial Court No. CV 16-276-B**

---

# O R D E R

---

On May 12, 2017, Appellants Nevillyn Wettermark, individually and as representative of the Estate of Evelyn Juanita Padgett, and the Estate of Evelyn Juanita

Padgett filed a notice of appeal in the trial court, stating that they desired to appeal from an April 12, 2017 order. The clerk's record was subsequently filed in this appeal, and it contained no final judgment or other appealable order. Accordingly, on June 20, 2017, the Clerk of this Court notified Appellants that this appeal was subject to dismissal because it appeared that the Court lacked jurisdiction. The Clerk's letter stated that the Court may dismiss this appeal unless, within ten day of the date of the letter, a response was filed showing grounds for continuing the appeal.

On June 30, 2017, Appellants filed a motion to retain the appeal on the docket. Appellants state that the April 12, 2017 order was not a final order but that a final appealable order was signed on June 9, 2017. Appellants state that they now desire to appeal from the June 9, 2017 order. Appellants attached the June 9, 2017 order and an amended notice of appeal to the motion to retain. A supplemental clerk's record containing the order and amended notice of appeal has also been filed in this appeal.

Appellants state that the June 9, 2017 order is a final order, but it appears to be interlocutory because it does not dispose of all pending parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree."). It appears that nothing in the clerk's record disposes of Appellants' claims against Fairfield I Enterprises, LLC d/b/a Fairfield Nursing and Rehabilitation.

If the June 9, 2017 order is interlocutory, it may nevertheless be appealable. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2016). But the appeal would

be an accelerated appeal. *See* TEX. R. APP. P. 28.1(a). Accordingly, Appellants' notice of appeal must have been filed within twenty days after the order was signed. *See* TEX. R. APP. P. 26.1(b), 28.1(b). Appellants filed their amended notice of appeal twenty-one days after the order was signed.

Appellants do not state that the June 9, 2017 order modified or replaced the April 12, 2017 order; therefore, it appears that Appellants' initial notice of appeal cannot be considered a prematurely filed notice of appeal. *See* TEX. R. APP. P. 27.1(a), 27.3; *In re R.A.*, 465 S.W.3d 728, 740 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). But if a notice of appeal is filed within the fifteen-day window for filing a motion for extension of time to file notice of appeal, we must imply a motion for extension of time if an appellant can show a reasonable explanation for the late filing of the notice of appeal. *See In re B.G.,* 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, order); TEX. R. APP. P. 26.3.

Therefore, within fourteen days of the date of this order, Appellants are ordered to (1) inform this Court in writing whether the June 9, 2017 order is actually final or interlocutory; (2) if interlocutory, file an amended notice of appeal that states that the appeal is accelerated, *see* TEX. R. APP. P. 25.1(d)(6), (g); and (3) if interlocutory, provide this Court a reasonable explanation for the late filing of Appellants' notice of appeal. Meanwhile, Appellants' motion to retain this appeal on the docket remains pending.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Order issued and filed August 2, 2017
Do not publish

