

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00286-CV

**CURTIS HARDAWAY, JR.,**

                                                    **Appellant**

 **v.**

**NARSTCO INC., CHAPARRAL STEEL MIDLOTHIAN LP, CHAPARRAL STEEL TEXAS LLC, CHAPARRAL STEEL COMPANY, GERDAU AMERISTEEL ENERGY INC., AND GERDAU AMERISTEEL US INC.,**

                                                    **Appellees**

<hr>

**From the 40th District Court
Ellis County, Texas
Trial Court No. 95996**

<hr>

## MEMORANDUM  OPINION

<hr>

Appellant Curtis Hardaway, Jr., appeals from the "Order Granting Defendant's Traditional Motion for Summary Judgment," which was signed by the trial court on August 3, 2018.  The order grants Appellee Narstco Inc.'s traditional motion for summary judgment and orders that Hardaway take nothing from Narstco Inc. in this lawsuit.  The order therefore disposes of all claims existing between Hardaway and Narstco Inc. in this

lawsuit. The order does not, however, dispose of *all* pending parties and claims in this lawsuit and is therefore not a final judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In fact, Hardaway's notice of appeal states that this appeal is interlocutory.

This Court has no jurisdiction to hear an appeal from a judgment that is not final, unless there is specific statutory authority permitting an appeal before final judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West 2015). None of the exceptions to the rule that only final judgments can be appealed apply in this case. *See id.* § 51.014 (West Supp. 2018) (listing interlocutory orders that may be appealed before final judgment is rendered in the case).

By letter dated September 19, 2018, the Clerk of this Court notified Hardaway that this appeal was subject to dismissal for want of jurisdiction because it appeared that all pending parties had not been disposed of and that there was, therefore, no final judgment. The Clerk of this Court notified Hardaway that the Court may dismiss this appeal unless, within ten days of the date of the letter, Hardaway showed grounds for continuing the appeal.

Additionally, in the September 19, 2018 letter, Hardaway was notified that this appeal was subject to dismissal for want of jurisdiction because it appeared that his notice of appeal was not timely filed. Appeals from interlocutory orders (when allowed by statute) are accelerated appeals. TEX. R. APP. P. 28.1(a). Therefore, the notice of appeal must have been filed within twenty days after the interlocutory order was signed. *Id.* at 26.1(b). The order from which Hardaway appeals was signed on August 3, 2018, and his

notice of appeal was filed on August 31, 2018. Therefore, even if this was an appeal authorized from an interlocutory order, the notice of appeal was untimely. But if, as here, the notice of appeal was filed within the fifteen-day window for filing a motion for extension of time to file notice of appeal, the Court must imply a motion for extension of time if an appellant can show a reasonable explanation for the late filing of the notice of appeal. *See id.* at 26.3; *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, order). Hardaway's notice of appeal was filed within the fifteen-day window. The Clerk of the Court therefore also notified Hardaway in the September 19, 2018 letter that even if this was an appeal authorized from an interlocutory order, the Court may dismiss this appeal unless, within ten days of the date of the letter, he provided a reasonable explanation for the late filing of the notice of appeal.

Hardaway subsequently filed a motion for extension of time to file his notice of appeal, in which he provides an explanation for the late filing of his notice of appeal. Hardaway, however, does not cite any authority that would permit an appeal from this interlocutory order. Accordingly, Hardaway has not shown grounds for continuing the appeal.

This appeal is dismissed for want of jurisdiction. Likewise, Hardaway's motion for extension of time to file his notice of appeal is dismissed.

REX D. DAVIS
Justice

Hardaway v. Narstco Inc.                                                                                    Page 3

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal dismissed
Opinion delivered and filed October 24, 2018
[CV06]

