

NUMBER 13-15-00371-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

PIERRE ALBERT KINGBURY,                                **Appellant,**

**v.**

JERRY RAY OLIVER AND PRO LOGISTICS,            **Appellees.**

### On Appeal from the 197th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, Pierre Albert Kingbury, attempted to perfect an appeal from a judgment entered by the 197th District Court of Cameron County, Texas, in cause number 2014-DCL-05335-C. We dismiss the appeal for want of jurisdiction.

According to the notice of appeal, the judgment subject to appeal in this cause was signed on April 30, 2015. Appellant filed his notice of appeal on August 11, 2015. That

same day, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. In response, appellant filed an amended notice of appeal stating that his motion for new trial filed on May 27, 2015 was overruled by operation of law.

Texas Rule of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial or motion to reinstate has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. *Id. R.* 26.1(a). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 619 (Tex. 1997) (construing the predecessor to Rule 26). However, appellant must provide a reasonable explanation for the late filing: it is not enough to simply file a notice of appeal. *Id.*; *Woodard v. Higgins*, 140 S.W.3d 462, 462 (Tex. App.—Amarillo 2004, no pet.); *In re B.G.*, 104 S.W.3d 565, 567 (Tex. App.—Waco 2002, no pet.).

Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's notice of appeal was due on July 29, 2015, but was not filed until August 11, 2015, within the fifteen day grace period for filing a motion for extension of time. Appellant was still required, however, to offer a reasonable explanation of the need for an extension. *See* TEX. R. APP. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677

2

(Tex. 1998); *see also Pasha v. YP Adver., L.P.*, No. 01-14-00456-CV, 2014 WL 4116456, at *1 (Tex. App.—Houston [1st Dist.] Aug. 21, 2014, no pet.). Appellant has offered no reasonable explanation indicating the need for an extension of time.

The Court, having examined and fully considered the documents on file, is of the opinion that we lack jurisdiction over this appeal. Accordingly, we DISMISS the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Delivered and filed the
31st day of August, 2015.